JOHN V. WATTSON *v.* THOMAS H. DOWLING AND P. G. PELTRET.

WHO BOUND BY JUDGMENT IN EJECTMENT. — If a defendant in ejectment conveys the land pending the litigation, and the grantee enters upon the land with or without notice of the pending suit, he is not only liable to be dispossessed by the writ of restitution, if the plaintiff obtains judgment, but is also bound by the judg-

ment, as an instrument of evidence, to the same extent as it would have been binding upon his grantor had no conveyance been made.

WHO CANNOT BE DISPOSSESSED BY WRIT OF RESTITUTION.—Where several persons are owners of a tract of land as tenants in common, and the interest of one passes to a purchaser under execution sale, who brings ejectment against the execution debtor alone, and recovers judgment, neither the other tenants in common nor their grantees who purchase and enter upon the land pending the suit, can be dispossessed by the Sheriff by virtue of the writ of restitution.

NOTICE OF PENDING OF SUIT.—The twenty-seventh section of the Practice Act, relating to the filing of a *lis pendens*, does not apply to actions of ejectment, but to proceedings in chancery, the purpose of which is to turn equitable estates into legal ones, or to enforce liens upon legal estates.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*H. S. Love,* for Appellant.

In ejectment against the occupant of premises, a judgment of recovery binds not only the defendant, but all persons who received the possession of the premises with *actual* notice of the pending of the action. (*Sampson et al.* v. *Ohleyer,* 22 Cal. 200, and cases there cited.)

*A. & H. C. Campbell,* for Respondent Peltret.

If Peltret, no party to the suit, claiming the land in good faith as his own, was turned out of possession without color of law, the Court could and ought to restore him. (*Jackson* v. *Rathbone,* 3 Cowen, 293 ; 3 Wilson, 49 ; *Jackson* v. *Van Bergen,* 1 Johnson's Cases, 101 ; 5 Cowen, 418 ; Adams on Ejectment, 341.)

The Court will interfere in a summary manner to restore.

By the Court, SHAFTER, J.

This was an action of ejectment brought in the Twelfth District Court against Dowling alone. The plaintiff recovered a verdict on the 28th of March, 1863, and judgment was duly entered thereon August 27, 1863. On the 8th of September,

1863, the Sheriff of the City and County of San Francisco executed a writ of restitution duly issued in the action, and not only evicted Dowling but the respondent Peltret also. On the 14th of September, 1863, Peltret moved the Court to set aside "the service of the writ upon him," and to restore him to the possession of the premises. The motion was founded upon the affidavit of Peltret and the records and files in the action. The motion was opposed on the records and files referred to and the affidavits of H. S. Love and F. D. Kohler. The motion was granted, and the appeal is from the order. From the affidavits and papers referred to we find the following facts:

1. That the plaintiff's title to the premises is derived from the defendant, Dowling, by virtue of a purchase made by him at a sale on execution issued upon a judgment in *Kohler* v. *Dowling,* and that the Sheriff's deed passed to the plaintiff an undivided third interest in the premises.

2. That Dowling, a long time prior to the suit of *Kohler* v. *Dowling,* viz: on the 24th day of August, 1850, conveyed two undivided thirds of the property to Scott and Vandewater.

3. That Vandewater quitclaimed to King, April 20, 1861.

4. That King quitclaimed to Robertson, May 17, 1862.

5. And that Robertson quitclaimed to Peltret, October 23, 1862.

6. That Peltret, from the said 23d of October, 1862, to the 8th of September, 1863, when he was turned out by the Sheriff, was in possession of the premises under his said title, and that he had notice in fact of the pendency of said action at the time when he took his deed.

If a defendant in an action of ejectment conveys the land pending the litigation, and the grantee enters upon the land under the title so acquired, he is not only liable to be dispossessed on the writ of restitution if the plaintiff obtains judgment, but is also, on the principles of the common law, bound by the judgment, as an instrument of evidence, to the same extent as it would have been binding upon his grantor had no such conveyance been made. Whether the purchase was

made with notice or without notice of the pending suit, would be a matter of indifference. The twenty-seventh section of the Practice Act has no relation to proceedings in ejectment, but to proceedings in chancery, the purpose of which is to "affect titles" by turning equitable estates into legal ones, or to dispose of legal estates by vendition for the purpose of satisfying liens upon them, etc. In this case, though it appears that Peltret bought pending the action of *Wattson* v. *Dowling*, still he did not buy of Dowling but of Robertson, Dowling's tenant in common. At the commencement of the action the third interest so conveyed was in King, and he therefore had then a right of entry. In a month from that time King conveyed to Robertson, and after an interval of five months Robertson conveyed to Peltret, and Peltret entered under the deed. Peltret had a right of entry the moment the deed was delivered. The fact that an ejectment was then pending could not interfere with Robertson's right to convey, nor with Peltret's rights after he had bought and taken his deed. When he entered he but took possession of his own, and he could not be dispossessed of his property by proceedings to which he was neither party nor privy. However convenient it might be to plaintiffs in ejectments were they allowed to oust all persons from the premises the possession of which they had recovered, who had come in *pendente lite* without collusion with defendants and without their license, but by title derived from other sources, still we cannot, on the ground of such convenience, adjudge that a citizen can be deprived of his property or of the enjoyment of it, without due process of law. (*Tevis* v. *Ellis et al.*, 25 Cal. 515.)

The order is affirmed.