## HENRY ROGERS v. ISAAC PARISH.

OBJECTION TO RECORD ON APPEAL, WHEN WAIVED. — Where, on appeal from an
order subsequent to final judgment, objections to the consideration of certain
affidavits contained in the record were not taken as required by Rule XIII of
this Court, such objections will be deemed waived; but the rule is otherwise in
respect to the subject matter of a statement on appeal contained in such record,
where no statement embodying the same, duly settled, certified, or agreed to, as
required by law, existed in the Court below.

WHO CANNOT BE DISPOSSESSED UNDER WRIT OF RESTITUTION.—Where L. and P.
entered into possession of certain lands under neither of the parties to an action
for the possession of the same, and were not parties to said action, they cannot
be dispossessed under a writ issued on a judgment rendered for plaintiff therein.

APPEAL from the County Court of San Joaquin County.

In November, 1864, plaintiff, being in the possession of
certain lands in San Joaquin County, leased the same to the
defendant, against whom while in possession under the lease,
to wit: December, 1865, W. H. Lyons commenced in the
District Court for said county an action of ejectment for the
recovery of said land, and in due course recovered judgment
as prayed, and in January, 1866, under process issued on
said judgment, was put in possession, which possession was
held by him in the person of his agent, Edgar W. Parish,
until the 13th of May, 1867.

In August, 1866, plaintiff recovered judgment against
defendant as his (plaintiff's) tenant holding over, in the
County Court of San Joaquin County in a "Forcible Entry
and Unlawful Detainer" action for the restitution of said
lands; and on the said 13th day of May, under a writ issued
for the enforcement of the judgment, the Sheriff of said
county evicted Edgar W. Parish, the agent of said Lyons,
and placed plaintiff in possession. Subsequently, on motion
of said Lyons made in this cause in the County Court, it
was ordered that Edgar W. Parish, as agent of said Lyons,
be restored to the possession of which he had been deprived
by the Sheriff under the last described writ.

Before this appeal was taken the form of said order in all
essential respects was entered as an order by the Clerk in

the records of the County Court founded on a memorandum placed on the files of this cause, written by the Judge of the Court, but not signed; but said order was only made by the County Court subsequent to the perfection of this appeal by the plaintiff.

The other facts are stated in the opinion of this Court.

*Geo. W. Tyler,* for Appellant.

*L. W. Elliott,* for Respondent.

By the Court, Rhodes, J. :

There is nothing in the transcript to identify the affidavits as those read on the hearing of the motion; but objection on that ground is waived by the failure to present it according to Rule XIII of this Court.

The judgment roll, the writs, and other documentary evidence mentioned in the transcript cannot be considered on this appeal, because there is no statement, nor anything purporting to be a statement, of the evidence, settled and certified or agreed to, as is required when the case is presented upon other evidence besides the affidavits. (*Wetherbee* v. *Davis,* 33 Cal. 549.) Objection on this ground is not required to be taken under Rule XIII, for, if it had been taken, the defect could not have been remedied by the appellant. He could not have supplied the omission had it been pointed out, because there was no statement in the Court below. This defect is fatal to the appeal.

The appeal was taken before the order was made. The order entered by the Clerk, that Lyons be restored to the possession, was unauthorized; and the order which was made by the Court, directing Edgar W. Parish as the tenant of Lyons to be restored to the possession, was made after the appeal was taken. That order is the only one that can be regarded as the order of the Court.

Waiving these objections, the appellant must fail on the

merits. Neither Lyons nor his tenant, Edgar W. Parish, were parties to the action in the County Court of *Rogers* v. *Parish*, nor did either of them enter upon the premises under Isaac Parish, the defendant. They were not, therefore, bound by the judgment in that action, nor amenable to the writ of restitution issued upon the judgment. (*Wattson* v. *Dowling*, 26 Cal. 124; *Long* v. *Neville*, 29 Cal. 135.)

Order affirmed.