[Civ. No. 11757. Second Appellate District, Division Two.—March 14, 1938.]

CITY OF SANTA BARBARA (a Municipal Corporation), Petitioner, v. PATRICK J. MAHER, as Mayor, etc., Respondent.

Maxwell Nichols, City Attorney, for Petitioner.

Alfred W. Robertson for Respondent.

McCOMB, J.—This is a proceeding in *mandamus* to compel respondent, Mayor of the City of Santa Barbara, to sign and execute on behalf of said city a lease of certain real property located in the county of Santa Barbara.

In 1925 the state legislature granted to the City of Santa Barbara all of the tide lands and submerged lands bordering said city. In 1929 the city constructed a breakwater, and as a result thereof by the year 1936 several acres of sand had accumulated along the northerly side of the breakwater, which prevented the tide from flowing over the land as formerly. In 1937 the legislature granted all of the state's title in and to the accretions above mentioned to the City of Santa Barbara, and authorized the city to lease the aforementioned accretions to the state of California to be used

by the latter for a state college athletic field in connection with the Santa Barbara State College. January 24, 1938, the city council of Santa Barbara ordered the execution of a ninety-nine-year lease of the aforementioned property to the state of California, but respondent mayor has refused to sign and execute the lease as directed on the ground that since the electors of the City of Santa Barbara have not approved the lease the city is without authority to enter into the transaction, in view of section 2, article I, of the city charter, which reads in part as follows:

"Provided, however, the title to real estate or water, water rights and privileges in connection therewith shall not be conveyed or aliened except by a vote of the electors at an election held for that purpose." (Stats. 1927, p. 2066.)

These are the questions presented for determination:

*First: Is a ninety-nine-year lease of real property a conveyance of real estate?*

*Second: Does the phrase "privileges in connection therewith" as used in section 2, article I, of the Santa Barbara city charter modify the words "real estate"?*

The answer to the first question must be in the negative. ■ In California the phrases "real estate" and "real property" are synonymous. (*Dabney* v. *Edwards,* 5 Cal. (2d) 1, 6 [53 Pac. (2d) 962, 103 A. L. R. 822].) ■ A ninety-nine-year lease is an estate for years; and it is settled that an estate for years is a chattel real and is personal property, and thus is not real property or real estate. (*Callahan* v. *Martin,* 3 Cal. (2d) 110, 118 [43 Pac. (2d) 788, 101 A. L. R. 871]; *Dabney* v. *Edwards,* 5 Cal. (2d) 1, 10 [53 Pac. (2d) 962, 103 A. L. R. 822].)

The second question must also be answered in the negative. ■ It is a settled rule of statutory construction that relative or modifying phrases are to be applied to the words immediately preceding them and are not to be construed as extending to more remote phrases. (*County of Los Angeles* v. *Graves,* 210 Cal. 21, 26 [290 Pac. 444]; *Puget Sound Elec. Ry.* v. *Benson,* 253 Fed. 710, 711.)

The rule is thus accurately stated in 59 Corpus Juris, 985:

"By what is known as the doctrine of the 'last antecedent', relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote."

Applying the foregoing rule to section 2, article I, *supra*, of the Santa Barbara city charter it is apparent that the phrase "privileges in connection therewith" relates only to the words immediately preceding, namely, "water rights".

It thus appears that, since the ninety-nine-year lease is not "real estate", and there is no requirement in the city charter of Santa Barbara that, before the city leases real property owned by it, the lease must be submitted to the electorate for its approval, petitioner herein was not without authority to lease the property above mentioned to the state of California.

For the foregoing reasons let the peremptory writ issue as prayed.

Crail, P. J., and Wood, J., concurred.