Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 2373.   June 17, 1948.]

THE PEOPLE, Appellant, v. ALFONSO TORRES ORTIZ, Respondent.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Appellant.

No appearance for Respondent.

BISHOP, J.—We are called upon in this appeal to answer this decisive question: When the crosswalk is located in the middle of the block, is it a misdemeanor for a driver of a motor vehicle to fail to yield the right of way to a pedestrian who is crossing the roadway in it? The trial court, believing that a negative answer should be given, dismissed the action before trial, for the only charge made against the defendant was one embraced within the question. The People appealed from the order of dismissal and advisedly, we have concluded, for we are of the opinion that the question should be answered in the affirmative.

■ As we interpret the first subdivision of section 560, Vehicle Code, it requires a motorist to yield the right of way to a pedestrian in a marked crosswalk no·matter where the crosswalk is located. That is to say, we hold that the words "at an intersection" modify the words "within any unmarked crosswalk" and not the more remote words "within any marked crosswalk," as they are used in the subdivision, which reads:

"(a) The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection. . . ."

■ Sufficient reason for our decision would be at hand were we content to rely upon the rule thus stated in a case cited by the People, that of *City of Santa Barbara* v. *Maher* (1938), 25 Cal.App.2d 325, 327 [77 P.2d 306]:

"It is a settled rule of statutory construction that relative or modifying phrases are to be applied to the words immediately preceding them and are not to be construed as extending to more remote phrases. (Citing cases.)

"The rule is thus accurately stated in 59 Corpus Juris, 985: 'By what is known as the doctrine of the "last antecedent", relative and qualifying words, phrases, and clauses

are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote.' "

█ This simple solution of the problem presented by this appeal is denied us, however. The paragraph in Corpus Juris, from which the quotation was taken, goes on to conclude with this sentence: "Where several words are followed by a clause as much applicable to the first and other words as to the last, the clause should be read as applicable to all." This sentence came, with some changes, from *Porto Rico Ry. etc. Co.* v. *Mor* (1920), 253 U.S. 345, 349 [40 S.Ct. 516, 64 L.Ed. 944, 946]. The original sentence was quoted, and applied, by us in *People* v. *Kahn* (1936), 19 Cal.App.2d Supp. 758, 762 [60 P.2d 596, 598], and the sentence in the setting we gave it was quoted with words of approval in *Wholesale T. Dealers Bureau* v. *National etc. Co.* (1938), 11 Cal.2d 634, 659-660 [82 P.2d 3, 17, 118 A.L.R. 486]. █ We are forced to conclude, therefore, that where two sets of words are followed by a modifying phrase or clause, whether the phrase or clause modifies one or both precedent sets of words, depends upon the meaning that is to be given the sentence, a conclusion that offers no help in ascertaining the meaning.

The meaning of the statutory provision under review may be discovered by other avenues of approach, however. We note that before 1931 it had been "stated as the settled rule that the requirements as to the conduct of both the pedestrian and the driver of a vehicle are reciprocal and equal, and that neither has any right of way superior to the other." *Cleveland* v. *Petrusich* (1931), 117 Cal.App. 71, 78 [3 P.2d 384]. We quote further from the case (p. 77) : "the ignorance of motorists as to the rights of pedestrians or their carelessness or indifference as to such rights, led to the enactment" of section 131½ of the California Vehicle Act in 1931, providing in part: "The driver of any vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at the end of a block. . . ." Why, we ask rhetorically, should the Legislature give pedestrians the right of way in a crosswalk located at the end of a block, or now at an intersection, but not in a crosswalk located in the middle of the block? Why, indeed, mark a crosswalk in the middle of the block if the pedestrians who use it are given no added safeguards by it? "Every pedestrian crossing a roadway at any point other than within a marked crosswalk

or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway." (Veh. Code, § 562, subd. a.) Is it possible that a pedestrian, forced to use a crosswalk by virtue of its lying between adjacent intersections where police officers control the traffic (Veh. Code, § 563) or by the terms of a city ordinance (Veh. Code, § 459.1) may while in the crosswalk be compelled to yield the right of way to motorists?

We believe the purpose of the Legislature in providing for crosswalks was to set aside a limited portion of the roadway where pedestrians can cross in comparative safety, and that this is the purpose whether the crosswalk is at an intersection or in the middle of the block. "It is fundamental that the objective sought to be achieved by a statute as well as the evil to be prevented is the prime consideration in its interpretation." *Rock Creek etc. Dist.* v. *County of Calaveras* (1946), 29 Cal.2d 7, 9 [172 P.2d 863, 865]. The subdivision we have under review should be given an interpretation to effectuate the purpose we have indicated, unless that is rendered impossible by some overruling principle of interpretation.

The only argument against the adoption of the construction which we favor that has come to our attention, is the rule that statutes should be so construed, if possible, as to give effect to each word and phrase. The application of this rule depends, in this case, upon the fact that in section 85 of the Vehicle Code crosswalks are defined (we do not quote) as being (a) that portion of a roadway lying within projected sidewalk lines at an intersection, and (b) any portion of a roadway marked for pedestrian crossing. In other words, the argument runs, the only place you find an unmarked crosswalk is at an intersection, hence there is no purpose in applying the phrase "at an intersection" to the words "any unmarked crosswalk." To this argument we reply that whether it serves any purpose or not, certainly the phrase, if it applies to any words, applies to the words "any unmarked crosswalk." Moreover, we see a purpose, for the definition, found in section 85 of the act, is a long way from section 460, and the Legislature may have desired to make sure that by "unmarked crosswalk" it was not referring to any place where pedestrians chose to cross, but only to the unmarked crosswalks at an intersection.

The suggestion that if the Legislature meant to say what we say it did mean, it would have stated simply, "The driver of a vehicle shall yield the right of way to a pedestrian cross-

ing the roadway within any crosswalk,'' may be countered by the observation that if it meant what the trial court held it did, it would have concluded the sentence with the words, ''crossing the roadway within any crosswalk at an intersection.'' Words that would be eliminated under either interpretation do appear, but they do not require a construction which would give the section a meaning contrary to what it seems clear to us was the object of the legislation.

The order appealed from is reversed.

Shaw, P. J., and Stephens, J., concurred.