[Civ. No. 3855.   Fourth Dist.   Jan. 6, 1949.]

HENRY C. TILDEN et al., Appèllants, v. COUNTY OF
ORANGE, Respondent.

Meserve, Mumper & Hughes for Appellants.

Joel E. Ogle, County Counsel, George F. Holden and Stephen K. Tamura, Deputy County Counsel, for Respondent.

MUSSELL, J.—Plaintiffs appeal from a judgment for the defendant county of Orange following an order sustaining a demurrer to the complaint without leave to amend. The action was brought to recover taxes paid under protest.

The facts admitted by demurrer are that each of the 19 plaintiffs is a sublessee of a lot in the area known as Beacon Bay, in Newport Beach, Orange County. The taxes protested were levied by the county on the possessory interests in the land and improvements on said lots and were assessed to and paid by plaintiffs. Written protests that such taxes were not legally collectible were filed at the time the payments were made. Within six months thereafter this action was commenced under the Revenue and Taxation Code, sections 5136 to 5143. Plaintiffs joined their causes of action because of their common interest and the identity of the questions of law involved. Each of said lots is occupied by one of the plaintiffs as sublessee, at a stipulated annual rental, by lease from J. A. Beck, who leased the property from the city of Newport Beach in 1927. The subleases are for terms ending in 1962, and do not provide that taxes be paid by the sublessees.

The sole question here involved is whether a possessory interest in tax exempt land may be validly assessed to the sublessees occupying and in possession and control of said land.

Plaintiffs admit that the property, the possessory interests, are taxable, but insist that the lessor, J. A. Beck, must bear the direct incidence of the tax and that the property should have been assessed to him.

It is argued by plaintiffs that there may be but one assessment of real property and that assessment is to the lessor.

The general rule is that there can be but one assessment of the entire estate in real property, which assessment includes the value of both the estate for years and the remainder or reversion, and the mortgagor or lessor of the real estate is liable for the taxes thereon. (*Graciosa Oil Co.* v. *County of Santa Barbara,* 155 Cal. 140, 143 [99 P. 483, 20

L.R.A. N.S. 211]; *Central Manufacturing District* v. *State Board of Equalization*, 214 Cal. 288, 293 [5 P.2d 424].)

There is an exception to the rule where the reversion is exempt from taxation, as where the land is owned by the state or a municipality. In such case the possessory right in the public land is private property and may be assessed for purposes of taxation to the person in possession. (*San Pedro etc. R. R. Co.* v. *Los Angeles*, 180 Cal. 18, 23 [179 P. 393].) The possession itself of public lands and the improvements thereon is a valuable property interest and is assessable. (*Kaiser Co.* v. *Reid*, 30 Cal.2d 610, 618 [184 P.2d 879].)

Where there is a lease of land owned by the state or municipality, the reversion being exempt from taxation, the usufructuary interest alone is subject to tax in proportion to its value; and in the absence of agreement to the contrary, the tax necessarily falls upon the lessee, and when a lease is executed between private parties and is silent as to which party shall pay taxes the obligation to pay the taxes rests upon the landlord. (*Hammond Lumber Co.* v. *Los Angeles*, 12 Cal.App.2d 277, 279, 281 [55 P.2d 891].)

In the instant case, as between Beck and his sublessees, the obligation to pay taxes rests upon the former since the leases are silent as to who shall pay them. This, however, does not mean that the assessment made is void.

Section 405 of the Revenue and Taxation Code provides:

"Annually, the assessor shall assess all the taxable property in his county, except State assessed property, to the persons owning, claiming, possessing, or controlling it at 12 o'clock meridian of the first Monday in March. The assessor shall ascertain such property between the first Mondays in March and July."

The terms "owner" and "owned" may be so defined as to include a person possessing such interest in property that he has lawful possession of it. (*RCA Photophone, Inc.* v. *Huffman*, 5 Cal.App.2d 401, 406-407 [42 P.2d 1059].)

Plaintiffs concede that they have possessory interests in the property, that they occupy it, and that such interests are taxable. The assessment to them was a sufficient compliance with the requirement of the code provision that the property be assessed "to the persons owning, claiming, possessing, or controlling it." The assessor, having found persons occupying and in possession of the property, was authorized to assess it in the names of such persons. He is not required

to pass upon the condition of the title to the interests involved for the purposes of taxation and assessment.

Since the validity of the assessment to plaintiffs is the question to be decided herein, we do not deem it necessary to pass upon the rights of plaintiffs, other than as against the defendant county.

Plaintiffs argue that the assessment to them is discriminatory in that the assessor failed to follow the law. There was but one assessment made on the possessory interest. It was lawfully made in accordance with the provisions of section 405 of the Revenue and Taxation Code.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied January 27, 1949, and appellants' petition for a hearing by the Supreme Court was denied March 3, 1949. Schauer, J., voted for a hearing.