[Civ. No. 22871. First Dist., Div. Three. Oct. 17, 1966.]

VALLEY FAIR FASHIONS, INC., Plaintiff and Appellant, v. VALLEY FAIR et al., Defendants and Respondents.

Benjamin D. Frantz for Plaintiff and Appellant.

Spencer M. Williams, County Counsel, Marvin G. Haun and James T. Rohner, Deputy County Counsel, Erskine & Tulley, J. Benton Tulley and William S. Boyd, Jr., for Defendants and Respondents.

DRAPER, P. J.—In this action, plaintiff lessee seeks a declaration that tax assessments levied by defendant Noll as county assessor are invalid, or if valid, that defendant lessor be declared obligated to pay the taxes or to reimburse plaintiff therefor. Each defendant demurred. Both demurrers were sustained without leave to amend, and the action was dismissed. Plaintiff appeals.

Respondent assessor argues that only two remedies are available to plaintiff: payment of the tax and verified claim for refund, followed by action if rejected (Rev. & Tax. Code, §§ 5096, 5097, 5103), or payment under protest and action to recover (Rev. & Tax. Code, §§ 5136, 5138). ■ Mandamus lies, without prior payment of the tax, only if these remedies at law are inadequate in the particular situation (*Star-Kist Foods, Inc.* v. *Quinn,* 54 Cal.2d 507 [6 Cal.Rptr. 545, 354 P.2d 1]). By analogy to the cases holding declaratory relief unavailable when a statute expressly bars mandate or injunction as a remedy for the taxpayer (see cases cited at 2 Witkin, Cal. Procedure (1954) § 453[1]), it may be argued that declaratory relief is not available when mandate is not. But we do not decide whether the remedies at law are adequate here to bar mandate, and thus declaratory relief, since it is clear that the assessment is valid. We note, however, the policy favoring prompt payment of taxes (*Sherman* v. *Quinn,* 31 Cal.2d 661, 665 [192 P.2d 17]).

The assessments complained of are for three years ending in 1964, and cover improvements admittedly made and paid for by plaintiff tenant, but for which it contends defendant lessor reimbursed it.

■ Taxable property may be assessed "to the persons owning, claiming, possessing, or controlling it" (Rev. & Tax. Code, § 405). On its face, this section authorizes assessment to one not the owner, if he possesses or controls the property. Improvements may properly be assessed to the tenant (*Tilden* v. *County of Orange,* 89 Cal.App.2d 586 [201 P.2d 86]) or personal property to the consignee (*S. & G. Gump Co.* v. *City & County of San Francisco,* 18 Cal.2d 129 [114 P.2d 346, 135 A.L.R. 595]) in possession. ■ Late in 1946, it was held that improvements added and owned by a tenant could be

assessed, together with the real property so improved, to the owner of the land. (*Trabue Pittman Corp.* v. *County of Los Angeles*, 29 Cal.2d 385 [175 P.2d 512].) In 1947, the Legislature added a new section (Rev. & Tax Code, § 2188.2), providing ''Whenever improvements are owned by a person other than the owner of the land on which they are located, the owner of the improvements or the owner of the land may file with the assessor a written statement before the lien date attesting to their separate ownership, in which event the land and improvements shall not be assessed to the same assessee.''

By its terms, this section applies only when the improvements are owned by someone other than the owner of the land. Here the landowner is alleged to own the improvements. Thus the statements allegedly filed with the assessor, merely asserting such single ownership, in no way invoke section 2188.2. Appellant's briefs seem to concede this.

 Appellant argues, however, that the section in some way requires improvements to be assessed to the owner in the absence of a written statement of separate ownership. We cannot agree. The 1947 statutes in no way modified section 405, which continues specifically to authorize assessment to the party possessing or controlling the property. Concededly, section 2188.2 was intended to modify the rule of *Trabue Pittman*. But that case held only that the assessor could look to the landlord alone, not that he must do so. The code section abrogates that rule only to the extent of requiring assessment to the owner of the improvements, rather than the landowner, if and when a statement of separate ownership is filed. The statement allegedly filed here was precisely to the contrary. It alleged single ownership by the landowner. We cannot read into section 2188.2 a legislative intent to restrict the assessor as appellant urges. It follows that the demurrer of the county assessor was properly sustained.

 This determination, however, does not resolve the issue of ultimate liability for the tax as between owner and lessee. That turns upon construction of the agreements between them, and is properly determinable in this action.

The judgment in favor of assessor Noll is affirmed. That in favor of defendant owner is reversed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 14, 1966.