[Civ. No. 10229. Fourth Dist., Div. Two. July 3, 1970.]

LARRY B. PARKER, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
CHARLES DWIGHT, Real Party in Interest.

## COUNSEL

Reid, Babbage & Coil, David Moore and Enos C. Reid for Petitioner.

No appearance for Respondent.

James A. Poore and Wayne I. McClaskey for Real Party in Interest.

## OPINION

**GARDNER, P. J.**—Petitioner, Larry B. Parker, asks for a writ of mandamus directing the trial court to order the expungement of a lis pendens. (Code Civ. Proc., §§ 409.1, subd. (a), 409.4)

Charles Dwight sued Sally M. Dwight for divorce. The complaint set forth six causes of action, including breach of a property settlement agreement, fraud and quiet title. One of the parcels of property in contention was a leasehold interest in a lot in Palm Springs. Upon filing the complaint, Charles Dwight recorded a lis pendens on this property. Larry B. Parker purchased the real property after the filing of the lis pendens and filed in

the superior court a motion to expunge the lis pendens. The court denied the motion.

■    The sole question presented is may a lis pendens be properly filed on a leasehold interest for years on real property?

■    A lis pendens may be filed in an action "concerning real property or affecting the title or the right of possession of real property." (Code Civ. Proc., § 409.) The filing of a lis pendens is ineffective if the action is one concerning personal property. (*MacDermot* v. *Hayes,* 175 Cal. 95 [170 P. 616].)

Petitioner contends that since an estate for years is personal property, that the filing of a lis pendens was improper and subject to expungement. (See Civ. Code, § 765; *Dabney* v. *Edwards,* 5 Cal.2d 1 [53 P.2d 962, 103 A.L.R. 822]; *Callahan* v. *Martin,* 3 Cal.2d 110 [43 P.2d 788, 101 A.L.R. 871]; *Summerville* v. *Stockton Mill. Co.,* 142 Cal. 529 [76 P. 243] (in which it was held that a judgment lien which attaches to real property (Code Civ. Proc., § 674) did not cover a lease); *Jeffers* v. *Easton, Eldridge & Co.,* 113 Cal. 345 [45 P. 680]; *City of Santa Barbara* v. *Maher,* 25 Cal.App.2d 325 [77 P.2d 306].)

The few cases involving lis pendens are not helpful.

In *Brownlee* v. *Vang,* 206 Cal.App.2d 814 [24 Cal.Rptr. 158], it was held that the complaint must set forth some cause of action affecting the title or right of possession of the specific real property described in the lis pendens. Unfortunately, the complaint in that case did not describe any real property, therefore, the court held that a lis pendens which had been filed was a nullity.

*MacDermot* v. *Hayes, supra,* 175 Cal. 95, merely held that the amendment to Code of Civil Procedure, section 409,[1] which added "the right of possession of real property" to "actions affecting title to real property" did not encompass a lis pendens for specific personal property, "the possession or evidence of title hereof may be passed from hand to hand without public or written evidence of its transfer."

It has been held that chattel mortgages are not included within lis pendens

---

[1]Prior to 1872, the lis pendens statute only affected title to real property. It was thus held that it had no relation to proceedings in ejectment (*Wattson* v. *Dowling,* 26 Cal. 124) or for possession of real property (*Long* v. *Neville,* 29 Cal. 131). Thus to remedy this defect in 1872, the phrase "affecting the right to possession of real property" was added to this statute.

law. (*Security First Nat. Bank* v. *Sartori,* 34 Cal.App.2d 408, 418 [93 P.2d, 863].) An action to impress a trust on personal property is not within the section (*MacDermot* v. *Hayes, supra*) nor is an action for attorney's fees. (*Hardy* v. *San Fernando Valley Chamber of Commerce,* 99 Cal.App.2d 572 [222 P.2d 314].) Similarly, it has been held that a lis pendens is improper in an action for money damages only even though the action was based on a contract to secure a loan to finance proposed improvements on described real property. (*Allied Eastern Financial* v. *Goheen Enterprises,* 265 Cal.App.2d 131 [71 Cal.Rptr. 126].)

Obviously, none of the above cases involve the right of possession of real property.

■ A lease has a dual character. It is a conveyance of an estate in the land and a contract between the lessor and the lessee for the possession and use of the property in consideration of rent. (2 Witkin, Summary of Cal. Law (1960) p. 1059.) It may be recorded as an instrument affecting title to or possession of real property. (Gov. Code, §§ 27280-27288.) So also may the assignment of a lease. While rules of property law do not necessarily govern liability for taxes, under tax law a lessee clearly has a possessory interest in real property since he has lawful possession of it. (*El Tejon Cattle Co.* v. *County of San Diego,* 64 Cal.2d 428 [50 Cal.Rptr. 546, 413 P.2d 146]; *County of Riverside* v. *Palm-Ramon Dev. Co.,* 63 Cal.2d 534 [47 Cal.Rptr. 377, 407 P.2d 289]; *Tilden* v. *County of Orange,* 89 Cal.App.2d 586 [201 P.2d 86].)

■ Although not "real property" or "real estate" a leasehold is nevertheless an estate in land, an estate in real property (Civ. Code, § 761; *Callahan* v. *Martin, supra,* 3 Cal.2d 110, 118; *Bachenheimer* v. *Palm Springs etc. Corp.,* 116 Cal.App.2d 580, 592 [254 P.2d 153].) ■ Thus, it would appear that under the broad language of Code of Civil Procedure, section 409, ". . . an action concerning real property or affecting the title or *the right of possession of real property*" (italics added), a leasehold being an estate in real property would come within the statute even though a leasehold is, in a contemplation of law, personal property. To hold that a leasehold estate does not affect the right of possession of real property is unreasonable.

■ Respondent's contention that Larry B. Parker is not a proper party to these proceedings, since he has sold his interest in the property to a third party, is without merit. In the case of any transfer of interest of a party in the subject matter of a pending action, the proceeding may be continued in

the name of the original party. (Code Civ. Proc., § 385; *Reusche* v. *California Pac. Title Ins. Co.,* 231 Cal.App.2d 731, 739 [42 Cal.Rptr. 262].)

Petition for writ of mandamus denied.

Kerrigan, J., and Tamura, J., concurred.

A petition for a rehearing was denied July 22, 1970, and petitioner's application for a hearing by the Supreme Court was denied August 26, 1970.