EVANS, J.
I dissent.
The majority conclude that a “right of entry” or easement granted by the State of California upon which a bridge over the American River was *902 constructed by the permittee or holder of the easement is not an “estate in real property” as envisioned by Civil Code section 846. It is my conviction that under the law of this state, they are wrong. They narrowly interpret the phrase “owner of any estate in real property” in the manner suggested by the injured plaintiff. Plaintiff and the majority seem to suggest that the phrase is defined by Civil Code section 761.[1] Again, I conclude to the contrary. The section is not definitive of the word “estate.” It is merely the description of four general types of estates in the context of their duration.[2]
For example, it has been held that under section 761, a lease of tidelands from the state is an interest in real property and an “estate for years” just as an ordinaiy leasehold is an “estate in land.” (San Pedro etc. R. R. Co. v. Los Angeles (1919) 180 Cal. 18, 20-21 [179 P. 393]; Parker v. Superior Court (1970) 9 Cal.App.3d 397, 400 [88 Cal.Rptr. 352].) In this connection, I note that the document by which the state granted Natomas Company (defendant’s predecessor) the right to cross the American River refers to Natomas as a “Lessee or Permittee.” Moreover, inasmuch as a right of entry given under contract to enter upon land to cut and remove timber is an “estate or interest” in land (Kirsch v. Barnes (N.D.Cal. 1957) 157 F. Supp. 671, 673), so must a right of entry or easement to permit construction and use of a bridge.
The Legislature is presumed, when it enacts a statute, to be aware of the case law of the estate. (See 45 Cal.Jur.2d, Statutes, § 101, pp. 615-616.) Accordingly, when section 846 was adopted and subsequently amended, had the Legislature desired to limit or change the accepted meaning of “estate” in real property, it could have expressly done so.
To restrict the application of section 846 in this instance will result in inequitable treatment of owners of private bridges over waterways which are accessible to trespassers. The majority would eliminate from the purview of section 846, the owner of a bridge accessible for water sports by trespassers simply because that owner does not own the fee of the underlying waterway. The anomalous situation thus arises that the owner who grants the easement is protected by section 846 while the owner of *903 the structure over the waterway within the easement which is used for recreational purposes is not. Elimination from the protection of the section is accomplished by an assumption that an easement over the river upon which a bridge is built is not an “estate in real property.”
An examination of the express language of the section in the context of Civil Code, title 3, chapter 2, section 840 et seq., is helpful in pointing out the error in the majority conclusion. Section 846 commences “An owner of any estate in real" property. . . .” (Italics added.) I emphasize the legislative use of the term “any estate.” Had the Legislature intended a restricted definition of “estate,” it could have simply done so. It did not. Section 845 deals with owners of easements, and indicates the Legislature’s use of the word “estate” to be an all encompassing word of art, including an “owner of any easement.”
The Legislature adopted section 846 in 1963, and amended it in 1970, 1971, 1972, 1976, and 1978, for clarification and to include protection against damage resulting from recreational use of the property by trespassers as well as invitees. The amendments to section 846 are indicative of the legislative policy to reduce the tendency by landowners to remove their real property from potential recreational access by eliminating the risk of gratuitous tort liability that the owner might experience unless he successfully bars entry to his property for the enumerated recreational uses. Since adoption of the section, the Legislature had broadened the scope of the immunities created by the section and is a beacon light indicative of its intention to create an exception in favor of the owner of any estate, be it fee or a right of passage over the land or waterway by way of easement against liability imposed by Civil Code section 1714.[3] (See English v. Marin Mun. Water Dist. (1977) 66 Cal.App.3d 725, 731 [136 Cal.Rptr. 224].)
The inequity resulting from the majority result is vividly presented by the decision in Lostritto v. Southern Pac. Transportation Co. (1977) 73 Cal.App.3d 737 [140 Cal.Rptr. 905]. In that case, not unlike this, a 16-year-old trespasser dove from the defendant railroad trestle bridge into the streambed of the San Lorenzo River. His neck was broken rendering him quadriplegic. The court held that section 846 precluded a damage award against the railroad pursuant to Civil Code section 1714.1 find it inconsequential that the railroad owned the underlying streambed *904 as well as the bridge in order to entitle the owner to the protection of section 846. I do not believe the Legislature intended an exclusion from the protection of the section for failure to “own the riverbed” in a situation resulting in injury to one using a private bridge over the American River for recreational purposes. The right of entry granted by the state in the first instance which permits construction of a bridge over the underlying fee has equal dignity with a document utilizing the language easement. In each instance an “estate in real property” is granted. (Parker v. Superior Court, supra, 9 Cal.App.3d at p. 400.)
As I construe section 846, the defendant was the owner “of an estate in real property” and was entitled to the immunity afforded by that section. (Cf. Lostritto v. Southern Pac. Transportation Co., supra, 73 Cal.App.3d at p. 746.)
I would affirm the judgment.
A petition for a rehearing was denied August 8, 1979. Evans, Acting P. J., was of the opinion that the petition should be granted. Respondent’s petition for a hearing by the Supreme Court was denied September 6, 1979.

Civil Code section 761 reads as follows: “Estates in real property, in respect to the duration of their enjoyment, are either: “1. Estates of inheritance or perpetual estates; “2. Estates for life; “3. Estates for years; or, “4. Estates at will.”

It is elementary lexicography that one does not define a word by use of the word itself.

Civil Code section 1714 provides in part: “(a) Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person,. . .”