[Civ. No. 16163. Third Dist. Sept. 18, 1979.]

JUSTIN V. SMITH, Plaintiff, Cross-defendant and Respondent, v. CHARLES D. BROVAN et al., Defendants, Cross-complainants and Appellants.

**COUNSEL**

Kronick, Moskovitz, Tiedemann & Girard, Adolph Moskovitz, Barbara Sand, Janet K. Goldsmith, Ray W. Sherman, Jr., and John T. Nimmons for Defendants, Cross-complainants and Appellants.

Carr, Kennedy, Peterson & Frost, R. Russ Peterson, David F. Schmidt and Laurence J. Kennedy, Jr., for Plaintiff, Cross-defendant and Respondent.

**OPINION**

EVANS, J.—The nature, scope, and applicability of the good faith improver statute (Code Civ. Proc., § 871.1 et seq.) is the fundamental issue presented upon this appeal.

The factual circumstances which gave rise to the present controversy began in 1959. At that time defendants and cross-complainants (hereafter Brovans) purchased approximately 75 acres of land in Shasta County. The deed by which they acquired title to the land described certain appurtenant rights consisting of unlined earth water ditches and water rights flowing in the ditches, all situate on neighboring land belonging to plaintiff's and cross-defendant's predecessors (hereafter Smith). The described rights had preexisted for over 90 years and provided the means of diverting and transporting water to the Brovans' property.

Wishing to improve the effectiveness of the ditch system, the Brovans consulted an attorney in order to determine whether they had the right to construct and use a water intake structure and pipeline on the Smith land. They were advised that they "owned" the ditches and could make and use the contemplated improvement. (That advice subsequently turned out to be wrong.) The Brovans then installed the improvements; they included an intake structure, one-half mile of 8-inch to 12-inch pipe, and a hydroelectric plant. In 1961, Smith and others successfully enjoined

Brovans' continued use of the improvements as they interfered with Smith's logging business and did not benefit his land.

The court in the prior proceeding found Smith's land to be subject to prescriptive rights which entitled the Brovans to convey water by ditch to their land. However, the judgment declared Smith and his coowners to be the owners of the pipeline subject to the Brovans' right to pursue the remedies allowed by Civil Code section 1013.5 for removal of the improvements, limited Brovans' ditch right to the use of the flowing water, and declared that the right did not include the right to construct or use any improvements thereon.

In 1961, Smith and the Brovans entered into a lease which permitted the Brovans to continue utilizing the improvements to transport water across the Smith property; in exchange for that use the Brovans were to pay Smith $600 per year. The lease further provided that the Brovans waived any right they had to bring an action pursuant to Civil Code section 1013.5[1] and that upon termination, any holding over after the expiration of the lease would be construed as a year to year tenancy upon the same terms and conditions specified in the lease. The leasehold term expired in 1973, and the Brovans discontinued the payments but continued their use of the improvements for the next two years. At that time Smith sued for back rent, a declaration of his rights to the improvements, attorney's fees and costs. The Brovans cross-complained seeking relief provided in the good faith improver statute.[2]

---

[1] Section 1013.5 provides in part: "When any person, acting in good faith and erroneously believing because of a mistake either of law or fact that he has a right to do so, affixes improvements to the land of another, such person, . . . shall have the right to remove such improvements upon payment, . . . to the owner of the land, . . . of all their damages proximately resulting from the affixing and removal of such improvements. . . ."

[2] The lease was executed October 1, 1961. The good faith improver statute was enacted in 1968. That act, Code of Civil Procedure sections 871.1-871.7, provides in pertinent part as follows:

Section 871.1: "As used in this chapter, 'good faith improver' means:

"(a) A person who makes an improvement to land in good faith and under the erroneous belief, because of a mistake of law or fact, that he is the owner of the land.

"(b) A successor in interest of a person described in subdivision (a)."

Section 871.3: "A good faith improver may bring an action in the superior court . . . for relief under this chapter. In every case, the burden is on the good faith improver to establish that he is entitled to relief under this chapter, and the degree of negligence of the good faith improver should be taken into account by the court in determining whether the improver acted in good faith and in determining the relief, if any, that is consistent with substantial justice to the parties under the circumstances of the particular case."

The Brovans' cross-complaint sought reimbursement for the value of the improvements placed on the Smith land, or in the alternative, a declaration that they were in fact the owners of those improvements. Upon Smith's motion for summary judgment, the court granted the affirmative relief sought in the complaint for past-due rent and attorney's fees, and denied relief on the cross-complaint, finding the relief sought was res judicata and merged in the judgment rendered in the 1961 proceeding.

Under the described circumstances, the judgment in the present proceeding is correct and will be affirmed.

The provisions of Code of Civil Procedure sections 871.1 and 871.3, in the absence of (1) the prior litigation which determined title to the improvements, (2) contractual obligations entered, and (3) the lapse of time, would be applicable to the Brovans. In 1960, after legal consultation, the Brovans believed in good faith that they owned the ditch across the Smith property and were entitled to place improvements thereon. The fact that they mistakenly believed that they owned the ditch as contrasted to the fee is of no consequence, inasmuch as an easement constitutes an estate in land and does involve ownership of that estate. (See *San Pedro etc. R.R. Co.* v. *Los Angeles* (1919) 180 Cal. 18, 20-21 [179 P. 393]; *Parker* v. *Superior Court* (1970) 9 Cal.App.3d 397, 400 [88 Cal.Rptr. 352]; *Kirsch* v. *Barnes* (N.D.Cal. 1957) 157 F.Supp. 671, 673.) The statute was not so narrowly drawn as to preclude a believed ownership of estates in land such as easements rather than only a belief of ownership of fee title to the land. The report of the Law Revision Commission clearly reveals that legislative intent. It points out that the good faith belief must be of ownership, thus eliminating from the scope of the legislation mere licensees or tenants.

■ However, prior to adoption of the good faith improver statute, the parties presented the controversy over title to the pipeline to the courts for determination and are now bound by that final judgment.

■ Under the doctrine of res judicata, a former judgment operates as a bar against the subsequent action on the same cause between the same parties. ■ Under the concept of collateral estoppel, in a subsequent proceeding on a different claim, the prior judgment acts as an estoppel to those issues in the later proceeding actually tried and determined in the first action. (*Day* v. *Sharp* (1975) 50 Cal.App.3d 904, 916 [123 Cal.Rptr. 918].)

██ The Brovans were denied title to the improvements by the prior judgment; the issue of ownership is thus subject to the doctrine of res judicata. At the time of the prior proceeding, a right of action pursuant to Civil Code section 1013.5 was available to the Brovans and expressly reserved to them by the judgment. The parties then by contract (lease dated Oct. 1, 1961) agreed that the Brovans would waive their right under the section (1013.5) and would pay Smith and his then coowners $600 per year for 13 years for the right to continue using the pipeline and other improvements placed on the Smith property.

The possibility of recovery of the value under the new statute was properly decided adversely to the Brovans by the application of the doctrine of res judicata. The prior judgment, utilizing the only remedial authority then available, provided the means for the Brovans to recover the improvements intact, thus allowing them to recoup at least partial value of their investment. They elected not to do so. It must be conceded that the new legislation affords those in Brovans' predicament more realistic relief; however, that fact cannot operate to permit escape from the rule of the case and the doctrine of res judicata.

"There is some authority for the proposition that, in particular circumstances, courts may refuse to apply res judicata when to do so would constitute a manifest injustice. (See *Greenfield* v. *Mather* (1948) 32 Cal.2d 23, 35 [194 P.2d 1]; *Jackson* v. *Jackson* (1967) 253 Cal.App.2d 1026, 1040 [62 Cal.Rptr. 121]; *McGaffey* v. *Sudowitz* (1961) 189 Cal.App.2d 215, 216-218 [10 Cal.Rptr. 862].) We consider the *Greenfield* doctrine of doubtful validity and it has been severely criticized. (See 4 Witkin, *supra,* Judgment, § 150, p. 3295, et seq.) While we find it is unnecessary for our present purposes to reach the question of whether *Greenfield* itself should be directly overruled, we expressly hold that the rule of that case is inapplicable where, as here, the only possible basis for its implementation is founded on a change in law following the original judgment." (*Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 796 [126 Cal.Rptr. 225, 543 P.2d 593]; see also *Beverly Hills Nat. Bank* v. *Glynn* (1971) 16 Cal.App.3d 274, 286 [93 Cal.Rptr. 907].)

The doctrine pronounced in *Slater* is here applicable. The parties and issues are the same in the subsequent litigation as in the first. Only the available relief has been changed by subsequently enacted law. The doctrine of res judicata must be applied.

Moreover, the provisions of Code of Civil Procedure section 871.4 would, at this time, preclude recovery by the Brovans. The original judgment granted the Brovans the right to the relief provided by Civil Code section 1013.5 as a means of accomplishing substantial justice. Section 871.4 places some limitation upon the court's power to grant relief to a good faith improver. It provides in part, "The court shall not grant relief under this chapter if the court determines that exercise of the good faith improver's . . . right to remove the improvement under Section 1013.5 of the Civil Code would result in substantial justice to the parties under the circumstances of the particular case. . . ." Those rights were afforded the Brovans and were subsequently waived by contractual arrangement.

Additionally, the Brovans would be barred from the sought-after relief by the provisions of Code of Civil Procedure section 340, subdivision 5. That section provides that an action by a good faith improver for relief afforded pursuant to Code of Civil Procedure section 871.3 must be commenced within one year following his discovery of lack of ownership. Here, the prior decision establishing ownership interest in Smith and his predecessors was rendered in 1961. Section 871.3 was adopted in 1968 and amended in 1971. This action was commenced in November 1975 and was therefore not timely filed. Lack of earlier knowledge of the provisions of the sections does not afford the Brovans comfort or relief.

Plaintiff has submitted a request for attorney's fees incurred by reason of the appeal process. Such a request in light of the 1961 lease agreement, paragraph 14, requiring that lessees pay lessors reasonable attorney's fees in any action brought to recover the premises or rent, is well taken.

The matter is remanded to the trial court for a determination of the propriety and amount of attorney's fees. In all other respects, the judgment is affirmed.

Regan, Acting P. J., and Janes, J., concurred.