[No. G004420. Fourth Dist., Div. Three. Oct. 30, 1987.]

HAROLD G. TAYLOR et al., Plaintiffs and Respondents, v.
MARIANNE BOUISSIERE et al., Defendants and Appellants.

**COUNSEL**

George McGill for Defendants and Appellants.

Adams & Kirkpatrick and Robert B. Adams for Plaintiffs and Respondents.

**OPINION**

**TAYLOR, J.*—** This appeal raises a question apparently of first impression in California: Whether a security assignment of a leasehold interest is a security interest in real property within the meaning of Code of Civil Procedure section 726,[1] thereby invoking the "one action" rule requiring a creditor to first exhaust the security before seeking a personal judgment. We conclude that it is not.

---

\* Assigned by the Chairperson of the Judicial Council.

[1] All future references are to the Code of Civil Procedure.

Appellants Bouissiere bought a hair design business for $50,000, giving sellers and respondents Taylors their $35,000 promissory note secured by a security agreement on business furniture, fixtures and equipment. As additional note security, they gave their written "Assignment of Lease as Collateral Security," encumbering their tenants' leasehold interest in the business premises.

The Bouissieres paid the note down to $17,863, but then stopped paying. The Taylors sued on the promissory note, and moved for summary judgment. The Bouissieres opposed, admitting the unpaid obligation, but contending the lease assignment constituted real property security. They claimed section 726 prevented the Taylors from recovering a personal judgment before first realizing on their security. The trial court granted summary judgment, and the Bouissieres appeal.

■ Under the "one action" rule of section 726, whenever an obligation is secured by a deed of trust or mortgage on real property, the creditor cannot sue the debtor for personal liability until the security has been exhausted. (*Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35, 38 [27 Cal.Rptr. 873, 378 P.2d 97]; 1 Miller & Starr, Current Law of Cal. Real Estate, Deeds of Trust and Mortgages, § 3:82.) However, the "one action" rule does not apply to personal property security.[2] If the security is personal property, the creditor's right to sue for personal liability on the debt is not restricted by any obligation to look first to the security. (*Walker* v. *Community Bank* (1974) 10 Cal.3d 729, 735 [111 Cal.Rptr. 897, 518 P.2d 329]; Augustine & Zarrow, Cal. Real Estate Law and Practice, Antideficiency Legislation, § 122.13[4].)

■ Appellants argue assignment of their tenants' interest in the business lease constitutes the giving of a real property security interest within the meaning of section 726, preventing a suit for personal liability before the security is exhausted. We disagree.

We have found no California case specifically holding whether a lease assignment is a security interest in real property under section 726. However, other well-settled California authority makes it clear that it is not. ■ It is true that a leasehold is an estate in real property. (*Callahan* v. *Martin* (1935) 3 Cal.2d 110, 118 [43 P.2d 788, 101 A.L.R. 871]; *Parker* v. *Superior Court* (1970) 9 Cal.App.3d 397, 400 [88 Cal.Rptr. 352, 67 A.L.R.3d 743].) However, the tenant's estate itself is not real property or real estate; it is defined by statute as a chattel real and, as such, it is

---

[2] In 1963, the additional reference to "personal" property was removed from Code of Civil Procedure section 726, and the section now applies only where the debt is secured by a lien on real property.

regarded as part of the tenant's personal estate governed by the rules applicable to personal property generally. (Civ. Code, § 765; *Dabney* v. *Edwards* (1936) 5 Cal.2d 1, 6 [53 P.2d 962, 103 A.L.R. 822]; *Callahan* v. *Martin, supra;* 4 Miller & Starr, *supra,* Landlord and Tenant, § 27:2.) Therefore, the security assignment of a tenant's leasehold interest is the assignment of a security interest in a chattel real, regarded as personal property; it is not the assignment of a real property security interest within the meaning of section 726.[3]

Appellants miss the point in arguing that, under Civil Code section 2924, transfer of a security interest in the leasehold is deemed a mortgage. While that assertion may be true, it does not automatically follow, as appellants argue, that such a mortgage must be considered to be upon real property. By its terms, section 2924 contemplates that a mortgage may encumber either real property or personal property. Thus, the fact that the security assignment may be a form of mortgage does not disturb its classification as an interest in personal property.

Since we have concluded that the security assignment of a leasehold interest is not the assignment of a real property security interest under section 726, we need not reach the issue raised as to the exception to the "one action" rule when the encumbered property becomes valueless as security. (See 1 Miller & Starr, *supra,* Deeds of Trust and Mortgages, § 3:85.)

The judgment is affirmed. Respondents are entitled to costs and, as provided by the terms of the note, reasonable attorneys fees.

Sonenshine, Acting P. J., and Crosby, J., concurred.

---

[3] Commentators have suggested that a lease could be part of a disguised security device in real property (e.g., a sale-leaseback transaction, a ground lease arrangement) which could be subject to the "one action" rule. (Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar 1979) § 4.34.) However, no such disguised transaction is present here.