[Civ. No. 17569. Second Dist. Div. Three. Sept. 22, 1950.]

LESTER E. HARDY, Appellant, v. SAN FERNANDO VALLEY CHAMBER OF COMMERCE et al., Respondents.

Lester E. Hardy, in pro. per., for Appellant.

George M. Pierson for Respondents.

VALLÉE, J.—Plaintiff commenced this action against defendants to recover attorney's fees. He recorded a *lis pendens*. His fourth amended complaint contained two counts. Defendants' demurrer to the first count was sustained without leave to amend. Their demurrer to the second count was sustained with leave to amend. Plaintiff declined to amend. He appeals from an order expunging the *lis pendens* from the record, from the minute orders sustaining the demurrer to each count, and from the judgment which followed.

We briefly summarize the allegations of the complaint.

## First Count

Plaintiff at all times mentioned was and now is an attorney at law, admitted to the bar and licensed to practice in California. At all times prior to December 15, 1947, defendant Stillwell was an attorney at law, admitted to the bar and licensed to practice in California. On January 2, 1947, defendants Courtney owned a parcel of realty. On that date they entered into a written contract in which they agreed that defendant San Fernando Valley Chamber of Commerce, referred to as the corporation, which they and Stillwell controlled, would sell the realty to the Canfields. On March 24, 1947, the Courtneys deeded the realty to the corporation. The corporation has since been the record owner of the property.

On August 1, 1947, the Canfields sued the corporation, the Courtneys and Stillwell for specific performance of the contract. No relief was sought against Stillwell other than a determination of his interest in the property and its subjection to the claim of the Canfields. Prior to September 25, 1947, William R. Courtney, for himself and his wife, entered into a verbal agreement with Stillwell in which it was agreed that Stillwell would file an answer for the defendants in said action and if he deemed it advisable, would secure the services of some other attorney to defend, and if the defense was successful, the corporation would reconvey the realty to the Courtneys who would then remove restrictions and place the property on the market for sale and pay to Stillwell for his services 50 per cent of the sales price over and above the amount which the Canfields would have had to pay for the property should their action be successful. It was further agreed that Stillwell might sell the property to a purchaser secured by him for not less than $12,000 in the event the property was not sold by Courtney, in which event the fee of Stillwell would be paid out of escrow. Stillwell fully performed his part of the agreement.

On October 10, 1947, Stillwell, with the knowledge and consent of the Courtneys, asked plaintiff to take complete charge of the defense of the action. Plaintiff agreed to do so provided that if he won the case, the Courtneys would remove all restrictions on the property, sell it immediately and from the escrow pay him as his fee 25 per cent of the amount received over what the Canfields would have had to pay for it if they were successful. Stillwell relinquished to plaintiff all the papers and files in the action. On October 16, 1947, Court-

ney signed a substitution of attorneys, substituting Stillwell and plaintiff as attorneys of record. At all times since, the Courtneys have been fully informed and had full knowledge of each and every step taken in the action. The action between the Canfields and the others was tried October 4, 1948. Plaintiff acted as attorney for the defendants therein. Judgment was for the corporation and the Courtneys on a cross-complaint and in favor of all defendants. The Courtneys were present at the trial. The judgment became final December 5, 1948. Thereafter the Courtneys refused to sell the realty.

The amount due Stillwell under the terms of his agreement with the Courtneys had the property been sold would have been 50 per cent of $6,566.50, less $3,283.25 to be paid to plaintiff. Stillwell has been damaged in the sum of $3,283.25. On March 24, 1949, Stillwell, in writing, assigned his claim against the corporation and the Courtneys to plaintiff.

### Second Count

The second count realleges all of the facts alleged in the first count except the allegation that Stillwell was prior to December 15, 1947, an attorney at law, admitted to the bar and licensed to practice in California, and the allegations as to what occurred after the judgment in the action between the Canfields and the corporation, et al., became final. The second count also alleged:

On October 10, 1947, Stillwell asked plaintiff to represent the corporation, the Courtneys and Stillwell in the Canfield action and told him that he was authorized in their behalf to secure plaintiff's services to conduct the defense. The Courtneys told plaintiff that Stillwell had authority to employ him and that he, plaintiff, had full authority to act for them. Plaintiff told the Courtneys and Stillwell that he would represent them and the corporation if, in the event he was successful, they would remove the restrictions from the realty, sell it, and pay him from escrow 25 per cent of the amount realized from the sale over and above the amount due the Courtneys from Canfield in the event Canfield was successful. Stillwell told plaintiff they would do so. On October 16, 1947, the Courtneys signed a substitution of attorneys in the Canfield action, substituting Stillwell and plaintiff as attorneys of record. From that time on plaintiff assumed sole control of the defense of the action. After the judgment in the Canfield action became final the Courtneys refused to sell the property.

The defendants have failed and refused to fulfill any part of their agreement with plaintiff. Plaintiff has been damaged in the amount of $3,283.25 by reason of defendants' refusal to fulfill their agreement with him. Plaintiff has made demand on defendants for the sum of $3,283.25 as assignee of Stillwell and for $3,283.25 as attorney's fees agreed to be paid to him. Defendants have not paid.

The order expunging the *lis pendens* was proper. A *lis pendens* may or must be recorded in actions affecting the title to or the right of possession of real property, or to determine adverse claims to and clouds upon title to real property, for partition, and in proceedings in eminent domain. (Code Civ. Proc., §§ 409, 749, 755, 1243; 16 Cal.Jur. 652, § 9.) Neither count of the complaint pleads facts bringing it within either of these actions.

An appeal does not lie from an order sustaining a demurrer. The appeals from those orders must be dismissed. (*Weiss* v. *Garofalo,* 89 Cal.App.2d 811 [201 P.2d 845].)

The first count, as we construe it, is for compensation for services performed by Stillwell as an attorney at law in the Canfield suit from its inception to its conclusion. It is not for the reasonable value of services performed by him prior to December 15, 1947. The suit was filed August 1, 1947. Stillwell was not licensed to practice law after December 15, 1947. The suit was not tried until October 4, 1948. No segregation is made between services performed before December 15, 1947, and those performed after that date.

It is unlawful for a person not an active member of The State Bar to practice law in this state. (Bus. & Prof. Code, § 6125.) Practicing without being a member is a misdemeanor. (Bus. & Prof. Code, § 6126.) No one may recover compensation for services as an attorney at law in this state unless he was at the time the services were performed a member of The State Bar. (See 7 C.J.S. 1022, § 165 and cases cited; 5 Am.Jur. 353, § 156 and cases cited; Anno. 118 A.L.R. 652.) Plaintiff, as assignee, stands in Stillwell's boots. As Stillwell cannot recover for services performed by him as an attorney at law after December 15, 1947, neither can plaintiff recover for those services. We think it clear that the first count does not state facts sufficient to constitute a cause of action. The demurrer to the first count was properly sustained.

The second count appears to be for compensation for services performed by plaintiff. While not a model of pleading, it states all facts necessary for recovery: an express agree-

ment of employment of plaintiff separate and apart from the employment of Stillwell, agreement to pay a fixed measure of compensation, performance of the services, success, demand and refusal to pay. Respondent argues that because it is alleged that the substitution of attorneys dated October 10, 1947, substituted plaintiff and Stillwell for Stillwell "he [plaintiff] is still tied in with Stillwell." We do not so construe the second count as a whole. It alleged that from the time of substitution plaintiff assumed sole control of the defense of the Canfield suit. It does not appear from plaintiff's allegations that his employment was conditional upon the continued performance of services by Stillwell or that plaintiff was to receive the agreed compensation only in case Stillwell performed his agreement. An entirely different situation would be presented if plaintiff rendered his services with the understanding that he was to receive one-half of Stillwell's compensation. But the complaint shows that in any event plaintiff rendered some services for which he should be paid on the basis of their reasonable value.

 It is the rule that where the measure of compensation of an attorney is fixed by express agreement, he may have his action for the amount agreed upon. (3 Cal.Jur. 683, § 84.) The second count of the complaint is independent of the first count and is a complete cause of action in itself. (*Cookson* v. *Fitch,* 116 Cal.App. 544, 549 [3 P.2d 27].) On appeal from a judgment sustaining a demurrer to a complaint the allegations of the complaint must be regarded as true. The court must, in every stage of an action, disregard any defect in the pleadings which does not affect the substantial rights of the parties. (Code Civ. Proc., § 475.) "Pleadings must be reasonably interpreted; they must be read as a whole and each part must be given the meaning that it derives from the context wherein it appears." (*Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 42 [172 P.2d 867].) All that is necessary as against a general demurrer is to plead facts entitling the plaintiff to some relief. (*Tristam* v. *Marques,* 117 Cal.App. 393, 397 [3 P.2d 947].) "In determining whether or not the complaint is sufficient as against the demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, the rule is, that if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants,

the complaint will be held good, although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged.'' (*Matteson* v. *Wagoner*, 147 Cal. 739, 742 [82 P. 436].) In passing upon the sufficiency of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties. (*Buxbom* v. *Smith*, 23 Cal.2d 535, 542 [145 P.2d 305] ; *Gerritt* v. *Fullerton U. H. School Dist.*, 24 Cal.App.2d 482, 486 [75 P.2d 627].) ''While orderly procedure demands a reasonable enforcement of the rules of pleading, the basic principle of the code system in this state is that the administration of justice shall not be embarrassed by technicalities, strict rules of construction, or useless forms.'' (*Buxbom* v. *Smith*, 23 Cal.2d 535, 542 [145 P.2d 305].)

Applying these rules to the second count of the complaint, we are of the opinion that a triable cause of action was pleaded and that the demurrer thereto should have been overruled.

The order expunging the *lis pendens* is affirmed. The appeals from the minute orders sustaining the demurrers are dismissed. That part of the judgment dismissing the action on the first count of the complaint is affirmed. That part of the judgment dismissing the action on the second count of the complaint is reversed, with directions to overrule the demurrer thereto. Each party is to bear his own costs on this appeal.

Shinn, P. J., and Wood (Parker), J., concurred.