[Civ. No. 24041.   Second Dist., Div. One.   Jan. 11, 1960.]

LUKE WALKER, Respondent, v. MILDRED WALKER, Appellant.

---

*Assigned by Chairman of Judicial Council.

Neil D. Heily and Ralph E. McCarthy for Appellant.

William T. Selby for Respondent.

SCOTT (Robert H.), J. pro tem.*—This appeal relates to one phase of a controversy between Luke Walker and Mildred Walker, husband and wife.

The husband filed an action for divorce in Ventura County, case number D-46225, in November, 1956.

The wife in October, 1957, filed an action against the husband and others in Santa Barbara County seeking to quiet title to certain property and obtain other relief. A notice of lis pendens pursuant to Code of Civil Procedure, section 409, covering the subject property was recorded in that county. Pursuant to stipulation this case was ordered transferred to Ventura County. It was given case Number 45428 and by the court in the latter county, in March, 1958, it was ordered consolidated for trial with case Number D-46225. The cases have not been tried and it is indicated that the quiet title action is not at issue.

In August, 1958, the husband filed a petition in the divorce case (D-46225) asking for dissolution of a temporary restraining order and permission to sell real property located in Santa Barbara County. The petition and exhibits attached to it did not contain a description of the property, and did not mention the lis pendens or ask any order concerning it. A purchaser for the property was believed to be available at that time.

After a hearing the court made an order in the divorce case which granted the petition and gave a partial description of the real property but made no mention of the lis pendens. There is nothing before us to indicate that evidence or argument was heard or considered by the court bearing upon the latter subject. A few days later and without further notice or hearing an amended order was made and filed in the divorce case which contained a complete description of the real property and then stated that to the extent that the property described is affected by the lis pendens notice recorded in Santa

*Assigned by Chairman of Judicial Council.

Barbara County "said Lis Pendens Notice is hereby quashed and of no effect."

The wife appeals from the amended order and also from the original order made by the court on the same matter.

Emphatic objection is made by her to the amended order respecting the lis pendens because this recorded notice was incidental to the quiet title case (45428) while the petition, hearing and order in controversy were in the divorce case (D-46225) only. Because the amended order was the only document in which the property was described we shall consider that for all purposes it has superseded the original order.

The husband indicates that because of the appeal from the amended order the prospective purchaser withdrew his offer to purchase the property. He declares that the sale of the property and use of the proceeds thereof was the purpose of the petition and the order in the divorce case concerning which the wife has appealed, but says that it is doubtful whether any purchaser for the property can be obtained unless the obstacle of the lis pendens is removed.

It appears that the order purporting to affect the lis pendens was improvidently made. Although an order had been made consolidating the cases for trial they were still separate actions, and the order in the divorce case could not render ineffectual the lis pendens in the quiet title case.

The order respecting consolidation reads in part as follows: "It is ordered that the trial of action No. D-46225 be stayed until action No. 45428 is at issue and that both actions be consolidated for trial . . ."

If it was or is the intention of the trial court that the two cases should be consolidated into one for all purposes there seems to be no obstacle to having a further hearing and an appropriate order effectuating that intention. It was apparently the intention of the judge who made the order respecting the two cases that they should continue to be separate and distinct. Where pending actions are consolidated only for the purpose of trial of related issues, the evidence presented in one case is to be deemed applicable in the other insofar as it is relevant thereto, but separate findings and judgments must be made in each case in disposition of the particular issues as independently submitted. (*McClure* v. *Donovan,* 33 Cal.2d 717, 722 [205 P.2d 17].) Consolidation of cases under Code of Civil Procedure, section 1048, rests within the sound discretion of the trial judge. (*Fisher* v. *Nash Bldg. Co.,* 113 Cal.App.2d 397, 402 [248

P.2d 466] ; *Fellner* v. *Steinbaum,* 132 Cal.App.2d 509, 511 [282 P.2d 584].)

The husband urges that because the parties were before the court in the divorce case and their property rights were in issue in that case the court could make its order concerning the lis pendens in the quiet title action. Reference is made to the wife's cross-complaint in the divorce case in support of this suggestion, but that pleading is not included in the record before us.

There is no indication that the trial court was ever asked to make any order that would merge the two cases. The order which was made consolidating them for trial when they were at issue did not have that effect.

As we have noted, the husband's petition did not ask for an adjudication of the matter of the lis pendens and apparently there was no inquiry made concerning it at a time when all parties were present and consenting to that procedure. In the quiet title action brought by the wife the complaint names as defendants, in addition to the husband, other persons who are not parties in the divorce action and who had no part in the controversy now under consideration.

The husband asks us to consider evidentiary matters which are completely outside of the record before us. The record on appeal consists of selected pleadings and orders from both cases embodied in a clerk's transcript and contains nothing that justifies the order purporting to affect the lis pendens. The propriety of other provisions in the order seems to require no discussion in view of our determination just stated, and any consideration of them would require an augmenting of the record which would not be justified.

The amended order from which appeal has been taken must be deemed to have superseded for all purposes the original order from which the wife also seeks to appeal. The amended order is vacated and the cause is remanded to the trial court for such further proceedings as may be deemed appropriate and are not inconsistent with the views above expressed.

Wood, P. J., and Fourt, J., concurred.