John W. PRESTON, Jr., personally and as Executor of the Estate of John W. Preston, deceased, Oliver O. Clark and David D. Sallee, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16167.

United States Court of Appeals Ninth Circuit.

Nov. 30, 1960.

John W. Preston, Jr., Los Angeles, Cal., Oliver D. Clark, La Canada, Cal., David D. Sallee, Santa Monica, Cal., for appellants.

Perry W. Morton, Asst. Atty. Gen., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., Roger P. Marquis, A. Donald

Mileur, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before STEPHENS and JERTBERG, Circuit Judges, and LINDBERG, District Judge.

STEPHENS, Circuit Judge.

 Quoting from the opening brief of the United States in this appeal it is stated: "This appeal is concerned with whether the appellants, attorneys for the plaintiffs in this suit, are at the present time entitled to a judgment for attorneys' fees in this action. This appeal is from the Order for Dismissal of Petition for Supplemental Attorneys' Fees and Expenses Advanced, and for Liens to Secure Payment Thereof and the Ancillary Order Quashing Notice of Pendency of Action."[1]

The gist of the proceeding is the claim of the petitioning attorneys that their services have not only benefited their employers but have incidentally benefited other persons who are not and never have been parties in the suit. They claim that because, as they allege, such others have been benefited incidentally and consequentially, they must pay to the petitioning attorneys reasonable "supplemental" attorneys' fees and a just proportion of moneys advanced in the main action.

It is agreed by all including the court that the doctrine of class actions does not apply to this litigation.

 There is an Indian reservation situate at Palm Springs, California, the land of which is held in trust by the government of the United States through the Secretary of the Interior. This tract of land is subject to release from the trust in separate allotments of equal value to each member of the Agua Caliente Band of Indians. There have been attempts by some members of the Band, through the years, to secure action on the part of the Secretary of the Interior to proceed with the allotment program but these attempts have had little success. However, a movement to get authority by statute to authorize any member of the Band to bring action in the District Court for a judgment awarding him a selected area of land as his or her allotment was finally enacted into law. Petitioning attorneys were employed to prosecute the case known as Segundo v. United States, D.C. S.D.Cal.1954, 123 F.Supp. 554, under the permissive statute. The action was successful in the District Court. We affirmed generally on appeal, but remanded for correction in some related particulars. See United States v. Pierce, 9 Cir., 1956, 235 F.2d 885. At the time the instant proceedings were in progress, plaintiff-attorneys were performing services in the case relating to "equalizing" the allotment.[2] As we have already said, it is alleged in the attorneys' petition that some of the services the petitioning attorneys had performed and were performing in connection with the Segundo case, inured to the benefit of other members of the Band. Such services, according to the allegation in the attorneys' pe-

---

1. An attorney may himself appeal from a decision awarding or denying him fees as long as the original action to which the question of fees is ancillary, properly evokes the jurisdiction of the federal courts. See Meddaugh v. Wilson, 1894, 151 U.S. 333, 14 S.Ct. 356, 38 L.Ed. 183; Singer v. General Motors Corp., 2 Cir., 1943, 136 F.2d 905; Angoff v. Goldfine, 1 Cir., 1959, 270 F.2d 185. The orders appealed from seem to us to fall within the sweep of Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 546–547, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528; they "finally determine claims of rights separable from, and collateral to, rights asserted in the action, too important to be denied review and too in-

dependent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. * * * *"

2. An incomplete list of appellate decisions concerning the Agua Caliente Band includes St. Marie v. United States, 9 Cir., 1940, 108 F.2d 876; Arenas v. United States, 1944, 322 U.S. 419, 64 S.Ct. 1090, 88 L.Ed. 1363; United States v. Arenas, 9 Cir., 1946, 158 F.2d 730, certiorari denied 1947, 331 U.S. 842, 67 S.Ct. 1531, 91 L.Ed. 1853; Hatchitt v. United States, 9 Cir., 1946, 158 F.2d 754; Arenas v. Preston, 9 Cir., 1950, 181 F.2d 62; United States v. Preston, 9 Cir., 1953, 202 F.2d 740.

tition, required a trip to Washington, D. C., many trips from Los Angeles, California to court and to Riverside, California, and to the town of Palm Springs, including services in regard to the main street of Palm Springs, California.

It was and is the theory of the attorneys that notwithstanding they had never been authorized to perform services for the persons who were so allegedly, consequentially benefited, they should be assessed to pay them attorneys' fees reasonable for the benefits they had incidentally received in Segundo.

It is claimed that this result, i. e., a money judgment and a lien therefor upon each allotment must be awarded against each allottee and against all unallotted lands of the reservation with no attempt whatever to establish the court's jurisdiction over the persons of the allottees. We are not in accord with this contention and the District Court found that it had no power to do what the attorneys requested in their petition.

Also we think it is implicit in the court's ruling that even if the court had acquired jurisdiction of the person, it would still be lacking in power to grant a money judgment against any member of the Band in circumstances wherein it is not claimed that petitioning attorneys were authorized directly or by implication to perform the services for which they now seek contribution as to attorneys' fees and as to moneys advanced by the attorneys.

The attorneys attempt to support their theory by three cases, i. e., Trustees v. Greenough, 1881, 105 U.S. 527, 26 L.Ed. 1157; Sprague v. Ticonic National Bank, 1939, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; and Central Railroad & Banking Co. of Ga. v. Pettus, 1885, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915, a class action.

In each of these cases there was a fund or valuable interest in property which belonged to several persons. The fund or property was in danger of dissipation, and one or more of the several owners moved in court to prevent the dissipa-tion. By such action the property was brought into court and thereby was saved, and the interest of each in it less a fair proportion of litigation costs was delivered over by the court when the interested party came into court to claim it.

The facts alleged in the attorneys' petition do not parallel either or all of these cases and they are not authority for granting the attorneys' petition and the District Court so held impliedly when it held that it was without power to consider the matter of consequential benefits as alleged in the petition.

■ There being no order fixing attorneys' fees there is no basis for a lien. And in the circumstances, the lis pendens is quashed. It is settled law that a judge under his sound discretion has the power to grant, refuse or modify the petition fixing attorneys' fees. In this case the court carefully made its rulings "without prejudice" leaving open for future action the right to amend so as to save to the attorneys any action they may deem appropriate. It follows that there is no support for or usefulness of a lien nor for the lis pendens. Under California law a lis pendens for attorneys' fees is not effective. See Hardy v. San Fernando Valley Chamber of Commerce, 2nd Dist. 1950, 99 Cal.App.2d 572, 222 P.2d 314. See Angoff v. Goldfine, 1 Cir., 1959, 270 F.2d 185, treating attorney's right to fees for prosecution of a case as an aid to another case.

The simplicity and the justice residing in the three cited cases compared to the obvious differences of fact in our matter suggest at once the complete impracticability of applying the theory of the three cases to our problem, and also suggests that the application would destroy the right of a defendant to defend his property in court after notice of the demand and the prevailing procedural practice.

The order dismissing the petition and denying the impressment of a lien is affirmed.

The order quashing the lis pendens is affirmed.