[Civ. No. 6734. Fourth Dist. Aug. 16, 1962.]

ROBERT G. BROWNLEE, Plaintiff and Appellant, v. ALFRED VANG et al., Defendants and Respondents.

James W. Funsten for Plaintiff and Appellant.

William F. Reed and Carl Hoppe for Defendants and Respondents.

SHEPARD, J.—This is an appeal by plaintiff from an order expunging notice of pendency of action.

## FACTS

Plaintiff's lengthy complaint, in essence, as to count 1 relates certain allegedly false representations by and business transactions with defendant Alfred Vang, through which plaintiff was fraudulently induced to loan said defendant some $4,000 on the representation that money would be used to exploit a certain device called the "Vang Tube." It is claimed that further expenditures have been made by plaintiff in the total amount of $1,900 because of said defendant's false representations; that the note of $4,000 (on which $500 had been paid) was traded for certain worthless stock in reliance on said defendant's representations; and that said defendant acquired undescribed property in Africa. A second cause of action is against defendant Ann Vang along somewhat similar lines but is far more abbreviated. The third cause names Alfred, Ann and Magnatron Corporation of America, Inc., hereinafter called Magnatron, as defendants, repleads many of the allegations of the first two causes, and states that some of the profits from promotion of the "Vang Tube" have been invested in real property in San Diego County in the name of Anna I. Vang; that defendants Magnatron acquired real property in San Diego County through promotion of the "Vang Tube"; that plaintiff owns an undivided share in the property; that defendants were at all times aware of the wrongful acquisition and retention of plaintiff's money and that the property was the fruit of the money. The prayer is for accounting of and order to convey $5,400, declaration that the property is held as security for the money advanced by plaintiff, and punitive damages. No attempt was made to

describe any of the real or personal property in which plaintiff claims some legal or equitable interest.

On November 9, 1960, plaintiff recorded, in the office of the County Recorder of San Diego County a notice of pendency of action in which he specifically describes certain real property as being subject of this action for a constructive trust and to secure any money judgment recovered. ■ On December 15, 1960, defendants moved for an order expunging from the record said notice of pendency of action. On December 22, 1960, the court entered its order granting said motion. Plaintiff appeals.

## APPEAL

After plaintiff's appeal was filed with this court, he now suggests that the order was not appealable. We think it is. Such an order has the effect of a final judgment on a matter which may vitally affect the ultimate judgment. It would immediately destroy plaintiff's notice to the world that the title to the described property is in the process of litigation, and the notice would then fail to bind all subsequent transferees. If expunged improperly, subsequent transferees might be relieved of the notice and the judgment itself become a mere empty act, affording no relief. Both the California and courts of other jurisdictions have recognized its appealability. (*Hardy* v. *San Fernando Valley C. of C.*, 99 Cal. App.2d 572 [222 P.2d 314]; *Walker* v. *Walker*, 177 Cal.App. 2d 89 [1 Cal.Rptr. 871]; *Preston* v. *United States*, 284 F.2d 514; *Brox* v. *Riker*, 56 App.Div. 388 [67 N.Y.S. 772, 9 Ann. Cas. 78]; *Campbell* v. *Metcalf*, 20 R.I. 352 [39 A. 190].)

## JURISDICTION TO EXPUNGE RECORD

Code of Civil Procedure section 409 provides for the recording of a notice of pendency of "an action affecting the title or right to possession of real property." ■ When the action as expressed by the complaint does *not* affect the title or right of possession of the land described in the notice, the trial court has the power and duty to expunge the record of the notice, since the notice is supplemental and subject to proceedings in the main action. (*Hardy* v. *San Fernando Valley C. of C.*, *supra*, 576 [1]; *Walker* v. *Walker*, *supra*; *Hagen* v. *Salzstein*, 145 N.Y.S.2d 301; *Kuperman* v. *Kuperman*, 144 N.Y.S.2d 892; *Domino* v. *Domino* (Ohio) 99 N.E.2d 825.)

We cannot accept as controlling the cases of *Moran* v. *Midland Farms Co.* (Tex.Civ.App.) 282 S.W. 608 and *Clopine* v. *Kemper*, 140 Colo. 360 [344 P.2d 451]. The Colorado case is

based on the peculiar wording of their statute, which is distinctively different from that of California.

We think the foregoing authorities make clear that the majority rule requires the complaint to set forth some cause of action affecting the title or right of possession of the specific real property described in the *lis pendens*. When it does not do so the *lis pendens* becomes a nullity, an unwarranted cloud on the title of the property it describes and the court having jurisdiction of the main action may on proper notice expunge the record of a *lis pendens* improperly recorded. If this were not so, any litigant could effectively tie up the title of another litigant in an ordinary action for money, with complete immunity to the requirement for posting attachment bonds. The order of the trial court was correct.

The order expunging notice of pendency of action is affirmed.

Griffin, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 10, 1962.