[Civ. No. 24301.   First Dist., Div. Three.   Aug. 23, 1968.]

ALLIED EASTERN FINANCIAL, Plaintiff and Appellant, v. GOHEEN ENTERPRISES, Defendant and Respondent.

J. Tony Serra for Plaintiff and Appellant.

Sullivan, Roche, Johnson & Farraher and Thomas ·E. Morton for Defendant and Respondent.

DRAPER, P. J.—This appeal presents the question whether the words "concerning real property" in the 1959 amendment to the lis pendens statute (Code Civ. Proc., § 409) permit recording of notice of an action whose outcome can in no way affect title to or possession of real property. ▉ Plaintiff· contracted to secure a loan to finance proposed improvement of defendant's land, sued for defendant's alleged breach thereof, and recorded notice of pendency of that action. Defendant's motion to expunge the notice was granted, and plaintiff appeals. The contract provided for no lien or encumbrance upon the property, and plaintiff's action sought money damages only.

Historically, the American statutes providing for recording of a notice of pendency of an action affecting title to or possession of real property were designed to limit, rather than to expand, the common law doctrine of constructive notice. In England, the common law developed the doctrine that transferees and encumbrancers took with constructive notice of title defects asserted in any pending action. The purpose was to prevent frustration of jurisdiction by transfers pendente lite. To eliminate the hardships which developed under this broad rule, such statutes as that of California limited constructive notice to cases in which notice of pendency of the action was filed in the county where the land lay (see *Sampson* v. *Ohleyer*, 22 Cal. 200, 210-211; note (1966) 39 So. ·Cal. L. Rev. 108).

California adopted such a limiting statute in the ·Practice Act (Stats. 1851, ch. 5, § 27, p. 54). This provision was carried into the code (Code Civ. Proc., § 409) and from 1874 (Code Amdts. 1873-1874, ch. 383, § 47, p. 297) to 1959, imputed constructive notice of "an action affecting title to or

the right of possession of real property," but "only" from the time of recording the notice of pendency.

California had held, as early as 1876 (*Majors* v. *Cowell,* 51 Cal. 478), that in the absence of some federal provision upon the subject, recorded notice of pendency of a federal action did not impart constructive notice of it to a party in a state court action. There was a split of authority among the states, but a number took the same view (see 34 Am.Jur., Lis Pendens, § 8). In 1958, the Congress provided (28 U.S.C.A., § 1964) that where state law authorizes recording notice "of an action concerning real property pending in a United States district court," the requirements of state law must be complied with in order to give constructive notice of the federal court action. It is clear that this legislation was intended only to permit federal court litigants to take advantage of state lis pendens legislation where authorized by state law. (See Senate Report No. 2131, Aug. 4, 1958 and House Report No. 1719, May 13, 1958, accompanying H. R. 7306.)

In 1959, the California Legislature amended the lis pendens statute. The amendment was expressly intended to make the statute available to litigants in federal court actions (Senate Judiciary Committee Report, for Interim 1957-1959, upon S. B. 27). This purpose was fully accomplished by adding to section 409 the sentence "This section authorizes a notice of an action concerning real property pending in any United States district court to be recorded and indexed in the same manner and in the same place as herein provided with respect to notices of actions pending in courts of this State." Nonetheless, the amendment also amended the first sentence of the section to read "In an action *concerning real property or* affecting the title or the right of possession of real property," the italicized words being added. (Stats. 1959, c. 382, § 1, p. 2306.) The interim report cited above comments that this phrase "may or may not amount to the same thing as 'an action affecting the title or the right of possession of real property,'" but recommended the added language "in an effort to adhere as closely as possible to the language of the congressional act."

Appellant concedes that its action does not affect title or possession of real property, but since it does remotely "concern" real property argues that it may record the questioned notice. Such construction would go far beyond the common

law rule, and would defeat the true purpose of the statute, which was to restrict, rather than to broaden, that rule.

Moreover, the current common fear of ''exceptions'' in a title company report makes the mere notice, once recorded, a severe restriction upon the marketability of land. Thus, in a practical sense, the recording plaintiff in an action for money only would be enabled to secure much of the benefit of attachment without meeting the protective requirement of a bond (see *Brownlee* v. *Vang*, 206 Cal.App.2d 814, 817 [24 Cal.Rptr. 158]).

In the absence of express language, we are reluctant to impute to the Legislature an intent to effect such results. We deem the legislative intent to have been merely to permit a federal court litigant the means of imparting constructive notice of his action affecting title or possession of land.[1]

In any event, the last sentence of the section negates any legal effect of the notice beneficial to plaintiff, even if the first sentence could be construed to permit its recording. That sentence now, as before the amendment, provides that the constructive notice imparted by the notice extends only to ''the action as it relates to the real property.'' Plaintiff's action here in no way relates to the real property and no judgment entered in it can affect that property. Thus the notice, even if permitted to remain of record, would have no legal effect but would serve only as a practical blackjack.

The courts may, in a proper case, direct that the notice be expunged from the record (*Brownlee* v. *Vang, supra*, 206 Cal.App.2d 814; *Hardy* v. *San Fernando Valley Chamber of Commerce*, 99 Cal.App.2d 572 [222 P.2d 314].)

The case at bench amply warrants the expunging order.
Order affirmed.

Brown (H. C.), J., and Elkington, J.,* concurred.

---

[1]Our view of the legislative intent is borne out by amendments adopted at the 1968 session of the Legislature (S. B. 891, approved by the Governor July 31, 1968). They add to the Code of Civil Procedure section 409.1, which requires that a notice of pendency shall be expunged if the basic action does not affect title to or right of possession of real property. This provision, made without amending Section 409, emphasizes that the legislative intent of 1959 was not to broaden the type of case in which the notice could be filed.

*Assigned by the Chairman of the Judicial Council.