[No. B011834. Second Dist., Div. Four. July 19, 1985.]

WILLIAM McKNIGHT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JULIE FABER, Real Party in Interest.

294

---

**COUNSEL**

Williams, Williams & Furukwa and David L. Brandon for Petitioner.

No appearance for Respondent.

Barbra Reinecke for Real Party in Interest.

## OPINION

**WOODS, P. J.**—Petitioner is the plaintiff in an action seeking, in part, to set aside a conveyance of real property by his judgment debtor as fraudulent and to impose a constructive trust thereon in his favor. He asks this court to issue a peremptory writ of mandate to vacate an order that granted defendant grantee's motion to expunge his notice of lis pendens. The alternative grounds for expungement at issue are (1) that plaintiff commenced and prosecuted his action in bad faith (Code Civ. Proc., § 409.1, subd. (b)),[1] and (2) that plaintiff's failure to comply with the lis pendens service and filing requirements of section 409, subdivisions (c) and (d) render the notice "void and invalid."

We conclude the record does not contain sufficient evidence to support a finding that plaintiff commenced his action in bad faith but that failure to comply with subdivisions (c) and (d) of section 409 justifies expungement.

The material facts are simple and not in dispute.

Plaintiff filed his verified complaint in June 1982, alleging that in 1976 defendant Melville Faber (hereafter Melville) became indebted to him on a loan secured by certain real property. Melville defaulted on the loan and plaintiff filed prior Los Angeles Superior Court action No. C 172157 to recover. In December 1976, plaintiff obtained a prejudgment writ of attachment in the amount of $50,000 against the subject real property owned by Melville and his wife, Julie Faber (hereafter Julie) as community property. Under the terms of an uncontested final judgment of dissolution of marriage entered May 28, 1981, Melville was confirmed to own a community property interest in the subject residence. Pursuant to written stipulation between plaintiff and Melville in the prior action, the effect of plaintiff's attachment lien was extended to March 1, 1982. On January 18, 1982, judgment was entered in favor of plaintiff and against Melville in the amount of $70,314.

The complaint further alleges that on March 16, 1982, defendant Melville filed a notice of appeal from the January 18 judgment. On or about March

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

23, 1982, Melville quitclaimed his interest in the subject real property to Julie. On March 30, 1982, plaintiff recorded his abstract of judgment.

On April 6, 1982, an order was entered in the dissolution of marriage proceeding between Melville and Julie modifying their November 18, 1980 uncontested "Interlocutory Final Judgment for [*sic*] Dissolution of Marriage" to provide that the subject real property described therein as community property was awarded to Julie as her separate property.

Upon these undisputed foundational facts, paragraph 34 of the complaint alleges that the March 23, 1982 quitclaim conveyance to Julie was "without a fair or any consideration." Paragraph 35 alleges "That said conveyance to defendant Julie Faber was made in pursuance of an agreement between said defendants to conceal the property of defendant Melville Faber and for the purpose of defrauding, hindering and delaying his creditors. . . ." Paragraph 51 alleges that the purpose and effect of defendants' "general scheme and plan" was to render Melville insolvent and frustrate plaintiff's right of execution on the subject real property. Paragraph 46 alleges that defendant attorney Reinecke was the attorney representing both Melville and Julie in their prior uncontested dissolution of marriage proceeding. It was further alleged that Reinecke represented to plaintiff that plaintiff need not file an abstract of judgment on his January 18, 1982 judgment because Melville would be filing an undertaking in conjunction with his appeal from that judgment. This representation caused plaintiff to delay the recordation of an abstract of judgment until March 30, 1982.

Melville never posted an undertaking on appeal.

Plaintiff's judgment was affirmed. He seeks by his present action to reach whatever community property interest Melville had in the real property at the time of the allegedly fraudulent conveyance to Julie.

In conjunction with his action, plaintiff caused a notice of lis pendens to be recorded on the subject property on June 18, 1982.

In August 1982, defendants Julie and Reinecke filed an answer that denied the allegations of an agreement to convey for inadequate consideration to defraud Melville's creditors. They also denied that they represented to plaintiff that he need not file an abstract of judgment.

As an affirmative defense, defendants asserted that there is no relationship in law between the filing of an abstract of judgment and the judgment debtor posting an undertaking on appeal. Nothing alleged explained plaintiff's fail-

ure to record the abstract until after the appeal period and after Melville quitclaimed his interest in the subject real property.

Julie's January 26, 1985 motion to expunge lis pendens was premised upon two grounds. First, that plaintiff commenced and prosecuted the action in bad faith and for an improper purpose within the meaning of Code of Civil Procedure section 409.1, subdivision (b). Second, that plaintiff's failure to have satisfied the technical requirements of subdivisions (c) and (d) of section 409 renders the lis pendens "void and invalid as to any adverse party or owner of record." Specifically, plaintiff did not file a copy of the lis pendens with the trial court and did not file a proof of service showing prerecordation service of the notice upon Julie or any other defendant.

In support of her first basis for expungement, Julie relies upon the fact that plaintiff did not file his abstract of judgment on the January 18, 1982 money judgment until March 30, 1982, when judgment debtor Melville had already quitclaimed his interest in the subject property to Julie. Defendant argues that the delay in filing the abstract was not barred by defendants' conduct and was due solely to the negligence of plaintiff's counsel. Thus, the present action was commenced in bad faith to force an improper settlement and cover up the legal malpractice of plaintiff's counsel. Julie does not offer any analysis in support of her second contention that the "void and invalid" notice is subject to expungement.

Plaintiff's opposition relies upon the allegations of the verified complaint and contends, in general terms, that these allegations present a prima facie case potentially affecting title to the subject real property. Plaintiff replies to defendants' "technical defects" contention by pointing out that section 409.1, subdivisions (a) and (b) explicitly provide the two exclusive bases for expungement of lis pendens (action does not affect title to or the right of possession of the subject real property and bad faith maintenance of the action) and that subdivisions (c) and (d) of section 409 do not authorize expungement but merely provide that defectively served and filed notices of lis pendens are "void and invalid as to any adverse party or owner of record."

Respondent granted expungement by minute order dated February 22, 1985. Neither this order nor the attorney-prepared order states the basis for the expungement. The record does not include a reporter's transcript.

Plaintiff timely filed his petition with this court, and we issued the alternative writ and temporarily stayed execution of the expungement order.

DISCUSSION

I

The record does not reveal the ground or grounds for the order for expungement. The petition challenges both of the alternative bases urged by defendants below. The return addresses only the "bad faith" issue and does not mention the issue of whether the technical defects of service and filing permit expungement. We therefore review both of the potential bases for the challenged order.

II

■ When a party moves to expunge lis pendens, pursuant to subdivision (b) of section 409.1, the burden is upon the recording party to demonstrate by a preponderance of the evidence that the action was commenced and prosecuted for a proper purpose and in good faith. (Code Civ. Proc., § 409.1, subd. (b); *Malcolm* v. *Superior Court* (1981) 29 Cal.3d 518, 528 [174 Cal.Rptr. 694, 629 P.2d 495].)

The "good faith or proper purpose" criterion of subdivision (b) of section 409.1 focuses upon the state of mind or motive of the plaintiff in maintaining his action. The two concepts are overlapping and may be held to be absent where the evidence shows that the action is maintained "primarily because of hostility or ill will" or "solely to deprive a person . . . of a beneficial use of his property" or "for the purpose of forcing a settlement which has no relation to the merits of the claim." Absence of "good faith" in this context means that the plaintiff does not believe in the validity of his claim. (*Malcolm* v. *Superior Court, supra,* 29 Cal.3d at p. 527.)

■ Lack of good faith may be demonstrated by the moving party's averment of extrinsic facts or by demonstration that plaintiff does not make out even a prima facie case in his complaint or supporting affidavits. Under this criterion, expungement may not turn upon the trial court's evaluation of the likely outcome of the action, e.g., no "mini-trial on the merits." A defendant may not rebut a plaintiff's prima facie showing simply by presenting counteraffidavits which controvert the plaintiff's evidence and raise triable issues of fact on the merits of the case. The court may, however, consider the patent lack of merit reflected in the complaint as evidence of bad faith. (*Malcolm* v. *Superior Court, supra,* 29 Cal.3d at pp. 528-529.)

Because Julie presented no showing of extrinsic facts to demonstrate plaintiff's "bad faith," our analysis must turn upon whether the underlying complaint states a prima facie case and is thus not patently meritless.

Plaintiff may establish the prima facie merit of his action by competent material allegations in a verified complaint, by affidavit, or by other proof allowed by the trial court. (*Malcolm* v. *Superior Court, supra,* 29 Cal.3d at p. 529; *Burger* v. *Superior Court* (1984) 151 Cal.App.3d 1013, 1019 [199 Cal.Rptr. 227]; *Coppinger* v. *Superior Court* (1982) 134 Cal.App.3d 883, 889 [185 Cal.Rptr. 24].)

 The material allegations of the verified complaint demonstrate that no valid basis exists for expungement of the lis pendens on the ground that plaintiff did not present a prima facie case affecting title to the subject real property.

While Julie focuses upon the failure of plaintiff to have promptly recorded an abstract of judgment, this fact is not of vital importance.[2] The complaint alleges, by evidentiary facts, a case of fraudulent conveyance wherein Julie, as the grantee, had actual knowledge of the grantor's intent to defraud and herself intended to take the conveyance for no consideration for the purpose of helping Melville hinder and defraud his creditors. These evidentiary facts constitute all the essential elements of a cause of action to set aside a conveyance as fraudulent. The recordation of an abstract of judgment is immaterial to such a cause against a grantee with actual knowledge of the grantor's fraudulent intent.

 Where the transferee participates in the fraudulent conveyance with knowledge or intent to assist the transferor to defraud or hinder his creditors, the conveyance is fraudulent even if full consideration is given. (*Rossen* v. *Villanueva* (1917) 175 Cal. 632, 635 [166 P. 1004]; *Fross* v. *Wotten* (1935) 3 Cal.2d 384, 388-389 [44 P.2d 350]; *Neumeyer* v. *Crown Funding Corp.* (1976) 56 Cal.App.3d 178, 185, fn. 2 [128 Cal.Rptr. 366]; *Chichester* v. *Mason* (1941) 43 Cal.App.2d 577, 586 [111 P.2d 362]; 5 Witkin, Cal. Procedure (2d ed. 1970) Enforcement of Judgment, §§ 146-148, pp. 3508-3513; 16 Cal.Jur.3d (rev. pt. 2) Creditor's Rights and Remedies, §§ 327-331, pp. 440-447; Civ. Code, § 3429 et seq.)

Because an intent or scheme to defraud creditors is peculiarily within the knowledge of the transferor and transferee and is thus usually demonstrable by only circumstantial evidence, the existence of such intent must be determined on the circumstantial evidence presented in the particular case. (*Menick* v. *Goldy* (1955) 131 Cal.App.2d 542, 548 [280 P.2d 844].) However, the evidentiary facts alleged in the underlying complaint state a

---

[2]It appears from the present record that Julie filed her answer to the complaint in August 1982, and did not seek expungement until January 1985. Further, in this nearly three-year period, Julie has not obtained summary judgment in her favor.

prima facie case. The allegation that Julie received "no consideration" is an averment of evidentiary fact. The allegation of an "intent to defraud" is a sufficient pleading of fact (*Rossen* v. *Villanueva, supra,* 175 Cal. at pp. 634-635), particularly when read in conjunction with the suspicious circumstances of the timing of the challenged conveyance, the close relationship between the allegedly insolvent transferor and the transferee (*Menick* v. *Goldy, supra,* 131 Cal.App.2d 542, 547), and the resulting insolvency of Melville. Julie did not offer any personal declaration stating what if any consideration she received or any other facts dispelling the suspicious circumstances attending the challenged conveyance.

Further, the alleged false promise of an undertaking on appeal is not inconsistent with the fundamental allegations of the complaint. The record indicates that Melville never did file an undertaking on appeal. Rather he quitclaimed to Julie and had the conveyance confirmed by modification of the dissolution judgment. The facts reveal that plaintiff should not have relied on this promise of an undertaking, and as a matter of law nothing prevented him from recording the abstract on March 1, 1982, when his prejudgment attachment terminated. It is also true, however, that had Melville posted the promised undertaking, plaintiff would have had a ready source of full recovery when his judgment was affirmed on appeal. Plaintiff would have had no need to record an abstract of his judgment to fix his priority and status as judgment creditor of record as against other creditors and future grantees of the subject property.

In the context of the other allegations charging a fraudulent conveyance, the verified allegation of Melville's false promise of an undertaking is certainly not at all inconsistent or incredible. Rather, it adds another suspect circumstance to the prima facie case.

As a matter of law, plaintiff met his burden of making a prima facie case of entitlement to reach whatever interest Melville conveyed to Julie by the March 23, 1982 quitclaim deed. Expungement of the lis pendens on the ground of plaintiff's lack of good faith or proper purpose would be an abuse of discretion.

III

We next consider Julie's contention that expungement was justified by plaintiff's failure to file a written copy of the notice of lis pendens and

proof of service or record the proof of service, as required by subdivisions (c) and (d) of section 409.[3]

While subdivision (d) indicates that failure to comply with the technical requirements of the two subdivisions renders the notice "void and invalid as to any adverse party or owner of record," expungement is not specifically mentioned. We are nonetheless convinced that it is the appropriate remedy.

Since the 1870's, section 409 has permitted the filing of a lis pendens in an action "affecting the title or the right of possession of" real property. (Stats. 1871-1872, ch. 170, p. 189; Code Amends. 1873-1874, ch. 383, § 47, p. 297.) In 1959, the section was amended to the present language making a lis pendens appropriate "[i]n an action concerning real property or affecting the title or the right of possession of real property. . . ." (Stats. 1959, ch. 382, p. 2306, § 1; see *Allied Eastern Financial* v. *Goheen Enterprises* (1968) 265 Cal.App.2d 131, 132-133 [71 Cal.Rptr. 126].)

Expungement has always been the remedy for the recording of a lis pendens in an action which does not come within the descriptive terms of section 409. (2 Miller & Starr, Current Law of Cal. Real Estate (rev. ed 1977) § 11:121, p. 159.)

In *Brownlee* v. *Vang* (1962) 206 Cal.App.2d 814, 816-817 [24 Cal.Rptr. 158], the court explained: "Code of Civil Procedure section 409 provides for the recording of a notice of pendency of 'an action affecting the title or right to possession of real property.' When the action as expressed by the complaint does *not* affect the title or right of possession of the land described in the notice, the trial court has the power and duty to expunge the record of the notice, since the notice is supplemental and subject to proceedings in

---

[3]Subdivisions (c) and (d) state:

"(c) Except in actions brought under Title 7 (commencing with Section 1230.010) of Part 3, the person causing the notice of the pendency of the action to be recorded shall first cause a copy of the notice to be served upon the other party, by first-class mail, return receipt requested, mailed to all known addresses of the adverse parties and all owners of record as shown by the county assessor's office. A copy of the notice of the pendency of the action shall also be filed with the court in which the lawsuit is filed. Service shall also be made immediately upon each adverse party who is later brought into the action pursuant to Section 472 or 473."

"(d) Any notice of the pendency of the action recorded pursuant to subdivision (a) shall be void and invalid as to any adverse party or owner of record, unless the requirements of subdivision (c) are met for the party or owner, and a proof of service, as set forth in Section 1013a, has been recorded with the notice of the pendency of the action. If there is no known address for service on an adverse party or owner as required under subdivision (c), then as to that party a declaration under penalty of perjury to such effect shall be recorded instead of the proof of service described above, and the service on that party shall not be required."

the main action. (*Hardy* v. *San Fernando Valley C. of C.*, *supra*, [99 Cal.App.2d 572 (222 P.2d 314)] 576; *Walker* v. *Walker*, *supra* [177 Cal.App.2d 89 (1 Cal.Rptr. 871)]; *Hagen* v. *Salzstein* [1955] 145 N.Y.S.2d 301; *Kuperman* v. *Kuperman* [1955] 144 N.Y.S.2d 892; *Domino* v. *Domino* (Ohio [1951]) 99 N.E.2d 825.)"

". . . . . . . . . . . . . . . . . . . . . . . .

"We think the foregoing authorities make clear that the majority rule requires the complaint to set forth some cause of action affecting the title or right of possession of the specific real property described in the *lis pendens*. *When it does not do so the lis pendens becomes a nullity,* an unwarranted cloud on the title of the property it describes and the court having jurisdiction of the main action may on proper notice expunge the record of a *lis pendens* improperly recorded. If this were not so, any litigant could effectively tie up the title of another litigant in an ordinary action for money, with complete immunity to the requirement for posting attachment bonds." (Italics added.)

■ The remedy of expungement which had been recognized in the case law was codified by the Legislature in section 409.1 in 1968. (Stats. 1968, ch. 815, § 1.) The section was designed to alleviate the problem of unscrupulous plaintiffs misusing the lis pendens procedure to force the settlement of groundless or malicious lawsuits. (*Malcolm* v. *Superior Court*, *supra*, 29 Cal.3d at p. 524; see Note, *Abuse of the California Lis Pendens: An Appeal for Legislative Remedy* (1966) 39 So.Cal.L.Rev. 108.)

Section 409.1 requires that the party opposing the motion to expunge demonstrate two things: that "(a) The action does affect title to or right of possession of the real property described in the notice; and (b) Insofar as the action affects title to or right of possession of the real property described in the notice, the party recording the notice has commenced or prosecuted the action for a proper purpose and in good faith."

Thus, expungement is specifically prescribed as the remedy either for the long-existing requirement that the lis pendens affect the property or the more recent requirement that the action be in good faith.

Nothing in *Malcolm* v. *Superior Court*, *supra*, 29 Cal.3d 518, indicates that the two grounds named in section 409.1 are the only possible bases for expungement. Indeed, the Legislature specified a third ground in section 409.2, which was enacted at the same time as section 409.1, and authorizes expungement "if the moving party shall have given an undertaking of such

nature, in such amount and within such time as shall be fixed by the court after notice and hearing . . . ."

 We hold that a violation of the technical requirements of subdivisions (c) and (d) of section 409 is a fourth ground justifying expungement. We recognize that the Legislature could have mentioned and did not mention expungement when it enacted the subdivisions years after sections 409.1 and 409.2. (Stats. 1981, ch. 889, p. 3400, § 1; Stats. 1984, ch. 572, § 1, ch. 760, § 1.) What the Legislature did say, however, was that such a violation renders the notice "void and invalid" as to the adverse party or owner of record. Just as expungement is the long-recognized remedy for a lis pendens which is void for not meeting section 409's requirement that it affect the property (*Brownlee* v. *Vang, supra,* 206 Cal.App.2d at pp. 816-817), it is applicable to a lis pendens which is void because the conditions of subdivisions (c) and (d) have not been met.

We reach this conclusion with the practical consequences of lis pendens in mind. If a notice of lis pendens is "void and invalid," and thus a nullity, it would be incongruous that the Legislature intended such notice to remain of record as a cloud upon the owner's title that effectively prevents the owner from freely conveying or otherwise dealing with his property. As mentioned, the purpose of the expungement statute is to prevent the unwarranted clouding of a party's title with an inappropriate or void lis pendens. Our conclusion here serves the purpose of clearing title.

While the expungement order here is therefore valid, it does not preclude plaintiff from refiling a notice of lis pendens which will comply with all requirements of section 409. In *Ranchito Ownership Co.* v. *Superior Court* (1982) 130 Cal.App.3d 764 [182 Cal.Rptr. 54], we directed a trial court to expunge a second notice of lis pendens that was filed after the first notice had been expunged on the ground that the action had been commenced in bad faith. We did not foreclose the possibility that circumstances might exist which would permit a second lis pendens. (*Ranchito Ownership Co.* v. *Superior Court, supra,* 130 Cal.App.3d at p. 773.) ██ The circumstances here justify that remedy, as there was a technical violation of section 409 but no evidence of bad faith.[4]

The peremptory writ is denied and the alternative writ is discharged. The temporary stay of enforcement of the order for expungement shall remain

---

[4]We further note that the voidness of the original lis pendens does not necessarily mean that Julie as a subsequent purchaser is not bound by the judgment. The lis pendens procedure is designed for constructive notice of pending litigation. "On the other hand, a person who acquires an interest in real property while a court action is pending which is known to him when he acquires his interest, receives it subject to the judgment subsequently rendered." (2 Miller & Starr, Current Law of Cal. Real Estate, *supra,* § 11:120, p. 155.) We express no opinion on the issue of actual knowledge.

in effect until 60 days after the filing of this opinion.

Arguelles, J., and Nelson, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.