15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
Cesar Tangonan, Rosario Tangonan, World Savings & Loan
Association, Claimants-Appellants,
v.
ONE RESIDENTIAL PROPERTY LOCATED AT 12388 AVENIDA
CONSENTIDO, RANCHO BERNARDO, CALIFORNIA, and All
Improvements and Appurtenances Affixed
Thereto, Defendant.
 No. 91-56491.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 31, 1993.
Decided Jan. 31, 1994.
 
 Before: BRUNETTI, KOZINSKI, and BOGGS*, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In granting the government's motion for summary adjudication, the district court held that the Tangonans could not assert the innocent owner defense of 21 U.S.C. Sec. 881(a)(6).[1] The court based its conclusion on its finding that the Tangonans were not bona fide purchasers because they had constructive knowledge of a notice of lis pendens filed by the government prior to the closing of escrow on the property in question.
 
 
 3
 We reverse and grant summary judgment in favor of the Tangonans because we find that the Tangonans are innocent owners under 21 U.S.C. Sec. 881(a)(6).
 
 
 4
 The government failed to comply with the technical requirements for filing a valid notice of lis pendens. Under section 409(c), a notice of lis pendens must be served upon all known addresses of the adverse parties and to all owners of record "by registered or certified mail, return receipt requested...." Cal.Civ.Proc.Code Sec. 409(c).[2] In this case, the government sent the notice of lis pendens to the prior owners by regular mail. The government's failure to comply with section 409(c) renders the notice of lis pendens void, because section 409(d) provides that "[a]ny notice of pendency of action ... shall be void and invalid as to any adverse party or owner of record, unless the requirements of subdivision (c) are met for the party or owner...." Cal.Civ.Proc.Code Sec. 409(d).[3]
 
 
 5
 The California Court of Appeal held in McKnight v. Superior Ct., 170 Cal.App.3d 291, 303, 215 Cal.Rptr. 909, 915 (1985), that "a violation of the technical requirements of subdivision (c) and (d) of section 409" justifies expungement of a notice of lis pendens. The court stated that "[i]f a notice of lis pendens is 'void and invalid,' and thus a nullity, it would be incongruous that the Legislature intended such notice to remain of record as a cloud upon the owner's title that effectively prevents the owner from freely conveying or otherwise dealing with his property." Id.
 
 
 6
 The district court found that although the notice of lis pendens might be inadequate as to the prior owners, it served as constructive knowledge as to the Tangonans because the Tangonans lacked standing to assert that the government failed to comply with the mailing requirements of section 409(c). The court found that the mere recording of the notice of lis pendens gave the Tangonans, who were not adverse parties or owners at the time of recording, constructive knowledge under section 409(a), which provided that "[f]rom the time of filing the notice for record only, a purchaser ... shall be deemed to have constructive notice of the pendency of the action...." Cal.Civ.Proc.Code Sec. 409(a).[4]
 
 
 7
 This finding was in error. The fact that the Tangonans were not the owners or adverse parties when the government filed the notice of lis pendens does not preclude them from asserting the innocent owner defense. The Supreme Court has held that the innocent owner defense is not limited to bona fide purchasers and that until the government wins a judgment of forfeiture against property, "someone else owns the property [and] [t]hat person may therefore invoke any defense available to the owner of the property before the forfeiture is decreed." United States v. 92 Buena Vista Avenue, 113 S.Ct. 1126, 1134, 1136 (1993). The Court further stated that "[b]ecause neither the money nor the house could have constituted forfeitable proceeds until after an illegal transaction occurred, the Government's submission would effectively eliminate the innocent owner defense in almost every imaginable case in which proceeds could be forfeited. It seems unlikely that Congress would create a meaningless defense." Id. at 1134-35.
 
 
 8
 The same rationale applies to this case. To hold that the Tangonans do not have standing to assert the defective nature of the government's notice of lis pendens simply because they were not yet record owners or adverse parties when the government filed its notice would preclude the application of the innocent owner defense. The Supreme Court in Buena Vista held that the government could not prevent use of the innocent owner defense by a party who was not the owner or an adverse party when the alleged illegal transaction occurred. Similarly, here, the government cannot prevent the Tangonans from attacking the validity of the notice of lis pendens and asserting the innocent owner defense simply because they were not the current owners or an adverse party at the time of the filing of the notice of lis pendens before any forfeiture occurred.
 
 
 9
 Because the notice of lis pendens in this case was void and invalid as to the prior owners of the property in question and subject to the remedy of expungement because the requirements in sections 409(c) and (d) were not met, it is void and invalid as to the Tangonans. The notice of lis pendens cannot revive to provide the Tangonans with constructive knowledge. The government contends, and the district court agreed, that the improperly filed notice of lis pendens alone imparted constructive knowledge on the Tangonans, and therefore the Tangonans were not bona fide purchasers. However, the Tangonans need not be bona fide purchasers to assert an innocent owner defense.
 
 
 10
 The improperly served notice of lis pendens is void and invalid as to the Tangonans and does not impart constructive knowledge on them. In addition, the record does not show, and the government does not assert, that the Tangonans had actual knowledge from any source that the previous owner, Rios, was a drug dealer and had purchased the property with proceeds from illegal drug transactions. Therefore, we grant summary judgment for the Tangonans because the Tangonans did not know about the tainted character of the property they purchased and are innocent owners under 21 U.S.C. Sec. 881(a)(6).
 
 
 11
 REVERSED.
 
 
 
 *
 Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 21 U.S.C. Sec. 881(a)(6) provides, in relevant part, that "no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner."
 
 
 [2]
 Section 409(c) is now Sec. 405.22. The substantive meaning of the section has not changed
 
 
 [3]
 Section 409(d) is now Sec. 405.23. The substantive meaning of the section has not changed
 
 
 [4]
 Section 409(a) is now Sec. 405.24. The substantive meaning of the section has not changed