CRAWLEY, Judge,
concurring specially.
I concur, but I would distinguish the California cases cited by the Department and discussed in the main opinion on the following basis: Those decisions are based on California statutes that allow the filing of a lis pendens notice in any action “affecting title or right to possession of the real property described in the notice.” See La Paglia v. Superior Court of San Diego County, 215 Cal.App.3d 1322, 1326, 264 Cal.Rptr. 63, 66 (1989).
Although the predecessor to § 35-4-135, Ala.Code 1975, allowed for the filing of a lis pendens notice in “any suit affecting” title to land, the current version of § 35-4-135 allows for the filing of a lis pendens notice only to enforce an already existing lien, right to, or interest in the real property described in the notice. Clearly, the Department’s fraudulent-conveyance action could “affect” title to the properties owned by the respondents. However, the Department, at the time it filed the notice of lis pendens, did not have an existing “lien upon, right to or interest in” such properties. § 25-4-131(a), Ala.Code 1975.
MURDOCK, Judge,
concurring specially.
The main opinion discusses a line of California cases that essentially decides the availability of lis pendens based upon whether the real property at issue is unique to the plaintiff or whether, as in La Paglia v. Superior Court of San Diego County, 215 Cal.App.3d 1322, 264 Cal.Rptr. 63 (1989), the plaintiff is merely attempting to use the notice of lis pendens as a collection tool to secure payment of money damages generally. Though not discussed in the main opinion, another California case that is consistent with this rule of decision is McKnight v. Superior Court of Los Angeles County, 170 Cal.App.3d 291, 215 Cal.Rptr. 909 (1985). If not for one problem, the Department would in all material respects be situated the same as the claimant in McKnight.
In McKnight, the claimant had loaned money to the defendant and had secured that loan with a lien on certain real property belonging to the defendant. When the defendant defaulted, the claimant filed a writ of attachment against the real property and obtained a judgment. Before the claimant could record his abstract of judgment, however, the defendant fraudulently transferred the real property in question to a third party. The claimant thereupon filed an action to set aside the fraudulent transfer and recorded a notice of lis pen-dens. The court upheld the notice of lis pendens, explaining that the claimant had a security interest in the real property that predated the fraudulent transfer.
There are two differences between the present case and McKnight. One of those differences does not matter; the other illustrates the problem the Department has in this case.
The first difference — the one that does not matter — is the fact that the Department’s lien arises by means of a statute, rather than a voluntary loan agreement. This is not a distinction recognized in our lis pendens statute.
The other difference — the one that illustrates the problem for the Department in this case — is that, unlike the claimant in McKnight, the Department has no lien on, or other particular interest in or right to, the real property in question collateral to the fraudulent-transfer action itself. It would have had such a separate, enforceable interest in the property if the sequence of events giving rise to this case had been somewhat different than it was. If Wyatt Oil Company, Inc., had owned *825 the property in question at the time the Department obtained its final order from the administrative law judge in 1993 and its tax lien arose under § 40-29-20, Ala. Code 1975, then the Department would at that time have acquired a specific lien upon the property. As it was, however, Wyatt Oil Company transferred that property to third parties in 1991. The property therefore was not owned by Wyatt Oil Company in 1993 and, therefore, the Department’s tax lien could not, and did not, attach to it. Lis pendens is therefore not available to the Department in this fraudulent-transfer action.