Filed 3/4/15  Haq v. Khatib CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MUNAZZA HAQ, as Trustee, etc., | B256194 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VC062786) |
| v. | |
| ADNAN KHATIB, | |
| Defendant and Respondent. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. John A. Torribio, Judge.  Affirmed.

AlvaradoSmith, Marc D. Alexander, and William M. Hensley for Plaintiff and Appellant.

Borchard & Callahan, Thomas J. Borchard and Janelle M. Dease for Defendant and Respondent.

\* \* \* \* \* \* \* \* \* \*

In this action to quiet title to real property, the trial court found in favor of defendant and respondent Adnan Khatib after a bench trial, concluding the lis pendens he recorded in April 1992 gave constructive notice of his adverse claim to all subsequent transferees of the subject property. Plaintiff and appellant Munazza Haq, who obtained title to the subject property in 1993 in her capacity as the trustee for the Professional Skagit Valley Trust, contends the court erred in finding the 1992 lis pendens imparted constructive notice because it was void and invalid. We conclude the trial court correctly determined the lis pendens gave constructive notice of Khatib's adverse interest as of the date of recordation, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Khatib obtained a money judgment against Iqbal Mahmood in July 1991. In August 1991, Khatib filed an action for fraudulent conveyance against Iqbal Mahmood and his wife, Fehmida Mahmood, among others, alleging that Iqbal Mahmood had fraudulently transferred certain parcels of real property to avoid Khatib's effort to collect on his judgment.[1] The 1991 action bore case No. VC006487 and was filed in the Los Angeles Superior Court. One of the parcels identified as having been fraudulently conveyed was located at 20200 Pioneer Boulevard in the City of Cerritos (hereafter, the "Property"). Khatib recorded a notice of pending action or lis pendens against the Property on August 15, 1991, and served a copy of it by certified mail, return receipt requested.

In February 1992, the 1991 action was settled, and pursuant thereto, Khatib formally withdrew the 1991 lis pendens. The notice of withdrawal was recorded March 5, 1992. Shortly thereafter, the settlement agreement was breached and Khatib filed another action against Iqbal and Fehmida Mahmood, and the other defendants, restating a claim for fraudulent conveyance, and adding claims for breach of the settlement agreement and fraud. The same day, April 22, 1992, Khatib also recorded another lis pendens against the Property. The 1992 lis pendens bears a proof of service

---

[1]     None of the parties from the underlying fraudulent conveyance actions are parties to this appeal, other than Khatib.

2

showing certified mail service, return receipt requested, on Iqbal and Fehmida Mahmood, as well as the four other individual defendants named in the 1992 action.

The 1992 lis pendens included the case caption, *Adnan Khatib v. Iqbal Mahmood, et al.*, and Los Angeles Superior Court case No. VC009450. The property description stated the Property was located in the county of Los Angeles, with a street address of 20200 Pioneer Boulevard, Cerritos, California, and the full and correct legal description.

The 1992 lis pendens also described, in relevant part, the pending action as having been "commenced on August 14, 1991," with the object of the action being "that [Khatib] obtained Judgments against Defendants . . . in the amounts of $515,000.00 and Defendants have fraudulently conveyed the above property to avoid the collection of the Judgment . . . to hinder, delay, or defraud [Khatib]. . . ." Summons and the complaint in the 1992 action were served on defendants, and Iqbal Mahmood, among others, appeared in the action.

On May 8, 1992, a grant deed transferring the Property from Fehmida Mahmood to the I.L.U. Inc. Trust was recorded. In October 1993, the Property was transferred to the Professional Skagit Valley Trust as trustee of 800Greenbase Trust. Haq, the daughter of Iqbal and Fehmida Mahmood, is the trustee for the Professional Skagit Valley Trust. The grant deed reflecting the transfer of the Property to the Professional Skagit Valley Trust was recorded October 4, 1993. Haq was not a party to either the 1991 or the 1992 fraudulent conveyance actions.

The 1992 action was resolved by way of judgment in favor of Khatib in July 1994. An abstract of judgment was recorded against the Property on July 29, 1994. The judgment was subsequently affirmed on appeal,[2] and has been renewed per statute since the judgment apparently remains uncollected.

On February 13, 2013, Haq filed this action for quiet title, declaratory relief and equitable relief, alleging that in January 2013, Khatib provided her with a copy of the 1992 lis pendens and his judgment against the Mahmoods, and asserted his claim against

---

[2]    The judgment was modified in part on appeal. No issue is raised claiming any invalidity or unenforceability of the underlying judgment.

3

the Property to enforce collection thereof.  In briefing before this court, Haq contends this was her first notice of the existence of the 1992 lis pendens or Khatib's claim.  Khatib answered and defended on the grounds the 1992 lis pendens was valid and his claim against the Property therefore superior to Haq's as a matter of law.

The case proceeded to a bench trial in which the material documents were received by the court and judicially noticed.  Only one witness testified, an expert called by Haq.  The testimony was subsequently stricken on the grounds it was improper expert opinion on the ultimate facts at issue.  The court thereafter issued several tentative statements of decision and invited comment and input from the parties.

In the final statement of decision filed February 26, 2014, the court ruled in favor of Khatib.  The court reiterated that it took judicial notice of the documents submitted by the parties, except exhibit 77 to which objections were sustained.  The court also found the material facts were undisputed and that no facts after the recordation of the 1992 lis pendens were relevant to its decision.  The court found the 1992 lis pendens to be valid and effective to impart constructive notice to Haq.  Notice of entry of judgment was mail-served on April 28, 2014.

This appeal followed.

## DISCUSSION

Haq urges this court to reverse, arguing Khatib's 1992 lis pendens was a legal nullity and the 1993 transfer of the Property to the trust valid.  Where, as here, the material facts are undisputed, the question presented is one of law subject to our independent review.  (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799; accord, *Mole-Richardson Co. v. Franchise Tax Board* (1990) 220 Cal.App.3d 889, 894.)  Based on our review of the undisputed record, we conclude, as did the trial court, the 1992 lis pendens was valid, the defects were not material, and it imparted constructive notice to Haq as a subsequent transferee.

It is well established that "[t]he purpose of a lis pendens is to give constructive notice of an action affecting real property to persons who subsequently acquire an interest in that property, so that the judgment in the action will be binding on such persons even if they acquire their interest before the judgment is actually rendered.  [Citation.]  The lis

4

pendens operates in accordance with classic principles of priority: a duly recorded instrument constitutes constructive notice, and a purchaser is subject to prior interests of which he or she has actual or constructive notice." (*Bishop Creek Lodge v. Scira* (1996) 46 Cal.App.4th 1721, 1733; accord, *Lee v. Silva* (1925) 197 Cal. 364, 373.)

Constructive notice is triggered by due recordation of the lis pendens. "From the time of recording the notice of pendency of action, a purchaser, encumbrancer, or other transferee of the real property described in the notice shall be deemed to have constructive notice of the pendency of the noticed action as it relates to the real property . . . . The rights and interest of the claimant in the property, as ultimately determined in the pending noticed action, shall relate back to the date of the recording of the notice." (Code Civ. Proc., § 405.24.)[3] The Comments to section 405.24, effective January 1, 1993, explain in part that "[t]his section *preserves and clarifies prior law*. . . . The first sentence of the new section uses the phrase 'from the time of recording' *to clarify that it is recordation of the lis pendens which begins constructive notice*." (Italics added.)

There is no dispute the 1992 lis pendens was recorded on April 22, 1992, in the County Recorder's Office for Los Angeles County, the county in which the Property is situated. In order for a recorded document to be deemed duly recorded, the document must also be indexed. " ' "California has an 'index system of recording,' and . . . *correct indexing is essential* to proper recordation. [Citations.]" [Citations.]' [Citation.]" (*Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850, 1866; accord, *Dyer v. Martinez* (2007) 147 Cal.App.4th 1240, 1246; see also 5 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 11:22, pp. 11-83 to 11-84, § 11:149, pp. 11-459 to 11-460.) There is no contention raised that the 1992 lis pendens was not properly indexed. Therefore, it is undisputed the 1992 lis pendens was recorded as prescribed by law and is contained within the chain of title for the Property.

---

**3** All further undesignated section references are to the Code of Civil Procedure.

The question then becomes whether the document is void and invalid, irrespective of having been recorded. A void instrument, such as a forged deed, "derives no validity from the mere fact that it is recorded." (*Los Angeles v. Morgan* (1951) 105 Cal.App.2d 726, 733; see also 5 Miller & Starr, Cal. Real Estate, *supra*, §§ 11:74, 11:75, pp. 11-229 to 11-231.) Haq raises two errors as the basis for her claim the 1992 lis pendens is void and should not be given legal effect: (1) the lis pendens misdescribed the nature of the pending action and referred to an inaccurate filing date; and (2) the recorded lis pendens was never filed in the 1992 action as required by statute. As we explain, neither of these defects establishes the 1992 lis pendens was void *ab initio*.

The current version of section 405.20, which sets forth the substance of what a lis pendens must contain, provides: "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged. The notice may be recorded in the office of the recorder of each county in which all or part of the real property is situated. *The notice shall contain the names of all parties to the action and a description of the property affected by the action*." (Italics added.) This version became effective January 1, 1993.[4] When the 1992 lis pendens was recorded, the former version of the statute (§ 409, subd. (a)) required a statement regarding the "object" of the pending action, in addition to the current requirements of simply identifying the parties to the action and the legal description of the property.

Haq does *not* contend the 1992 lis pendens failed to properly identify the parties to the 1992 action or that it failed to properly describe the Property. Haq *only* contends the description or "object" of the 1992 action was inaccurate. Specifically, Haq argues it misleadingly referred to and described the earlier 1991 action that had been settled, and the corresponding 1991 lis pendens that had been formally withdrawn. Khatib concedes there were drafting errors in the 1992 lis pendens pertaining to the object of the litigation, but contends the errors concerned a nonessential matter and do not render the lis pendens void.

---

[4] A minor amendment was made and became effective in 2004 but is not pertinent to our discussion here.

6

The only aspect of the description of the "object" of the 1992 action that was erroneous was the filing date of "August 14, 1991," which was in fact the filing date of the earlier action that had been settled. The new action was filed on April 22, 1992, the same day the lis pendens was recorded. As for the claimed errors in describing the substance of the 1992 action, it was not an entirely inapt description. Like the 1991 action, the 1992 action was a fraudulent conveyance action. The only error in the description was the omission of mention of the new claims for breach of the settlement agreement and fraud.

Haq strenuously argues these minor errors were material, and would not have put any prospective purchaser or transferee checking title to the Property on notice of the 1992 lis pendens or of the pending action filed in 1992. We are not persuaded.

The Comments to section 405.20 indicate that the deletion of the "object" requirement was the only "change of substance" effected by the 1993 amendment, explaining that the object requirement "*served little purpose; the 'object' (purpose) of the action can best be determined by review of the pleading supporting the lis pendens.*" (Italics added.) The Legislature dropped the "object" requirement as unnecessary. We see no reason in law or logic to view the "object" requirement as significant, such that any inaccuracies in a description of the action, no matter how trivial, would render an otherwise valid lis pendens a nullity.

It is undisputed the 1992 lis pendens correctly recited the case name and case number, the parties to the action, and the legal description of the Property. We think this information would have put a reasonably prudent person on notice of the pendency of the 1992 action. Haq did not cite, nor have we found, any case holding that a drafting error of this nature constitutes a material defect or otherwise renders the lis pendens void.

Haq next argues the lis pendens was void and invalid because it was not filed in the court file after its recordation. Section 405.22 requires service of the lis pendens "to *all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property* affected by the real property claim as shown by the latest county assessment roll. . . . Immediately following recordation, a copy of the notice shall also be filed with the court in which the action is pending. Service shall also

7

be made immediately and in the same manner upon each adverse party later joined in the action." (*Ibid.*, italics added.)

As Haq concedes, in April 1992, she was not a party to the action or an owner of record. Therefore, she was not entitled to service of the 1992 lis pendens. Nothing in the record of the 1992 action suggests any party or record owner was unaware of the lis pendens. Indeed, the docket sheet presented to the court below shows that the 1992 action was duly contested with defendants appearing in and participating in the action up until the point their answers were stricken as a discovery sanction.

Haq's sole contention about the violation of the service and filing requirements is that there was no indication in the docket sheet that the 1992 lis pendens was filed in the court file, and as such, it is automatically void. Haq relies on section 405.23 which provides: "Any notice of pendency of action shall be void and invalid *as to any adverse party or owner of record* unless the requirements of Section 405.22 are met for that party or owner and a proof of service in the form and content specified in Section 1013a has been recorded with the notice of pendency of action." (Italics added.) Haq further relies on *McKnight v. Superior Court* (1985) 170 Cal.App.3d 291 (*McKnight*), arguing it stands for the general proposition that a lis pendens that is not filed in the pending court action is void.

*McKnight* is of no assistance to Haq. *McKnight* concerned the adequacy of notice of a lis pendens given to the property owners of record and the parties to a pending action, who were entitled to notice in order to ensure a full and fair litigation of the adverse property claim. As we have already said, according to the plain language of the statutes, the service and filing requirements of the lis pendens statutes inure to the benefit of "any adverse party or owner of record." (§405.23, see also § 405.22.) Haq was not an adverse party in the 1992 action or an owner of record. Filing the lis pendens with the court would not have effected notice on Haq, a nonparty. Notice was achieved on Haq by the *recording* of the lis pendens.

Further, no party to the 1992 action or record owner challenged the validity of the recorded lis pendens. The action proceeded to judgment and in July 1994, the lis pendens was superseded by the entry of judgment and the recordation of the abstract of judgment

8

in the chain of title for the Property. Allowing the trivial errors Haq asserts to void an otherwise valid lis pendens, 20 years after judgment was entered in the case that gave rise to the lis pendens, would serve no purpose of the statutory scheme.[5]

A duly recorded lis pendens places a subsequent transferee "on notice of anything that should be known and ascertained by actually reviewing the pleadings in the action, unless the lis pendens is expunged or withdrawn." (5 Miller & Starr, Cal. Real Estate, *supra*, § 11-151, p. 11-476.) " 'In effect, a notice of lis pendens " 'republishes' " the pleadings. [Citation.] Thus a potential buyer of the property should be able to go [to] the courthouse and *look up* the documents (the pleadings) in the court proceeding which might affect title or possession of the real property he or she is thinking of buying or lending money on.' [Citations.]" (*Estates of Collins & Flowers* (2012) 205 Cal.App.4th 1238, 1254; accord, *Harris v. Whittier Bldg. & Loan Association* (1936) 18 Cal.App.2d 260, 266.)

Haq is therefore presumed to have had constructive knowledge of Khatib's pending action which resulted in a judgment in his favor in 1994. "[A] recorded document imparts constructive notice to subsequent purchasers and precludes them from acquiring the property as bona fide purchasers without notice, because *the law conclusively presumes that a party acquiring property has notice of the contents of a properly recorded document affecting such property*." (*Hochstein v. Romero* (1990) 219 Cal.App.3d 447, 452, italics added; accord, *Slintak v. Buckeye Retirement Co., L.L.C., Ltd*. (2006) 139 Cal.App.4th 575, 586-587 ["A lis pendens clouds title until the litigation is resolved or the lis pendens is expunged, and any party acquiring an interest in the

---

[5] The parties discuss *Biddle v. Superior Court* (1985) 170 Cal.App.3d 135 at some length, with Haq arguing it is inapposite because it pertains to parties of record who had actual notice of the pending action. The case is factually distinguishable, but Haq fails to acknowledge the broader principle that, like sections 405.22 and 405.23, the service and filing requirements of the former version of the statute were *for the benefit of record owners and adverse parties*, not nonparties like Haq. *Biddle* ultimately concluded the property owners there waived the procedural irregularities by first raising them in their third motion to expunge, over a year after the filing of the lawsuit. (*Biddle,* at pp. 137-138.)

property after the action is filed will be bound by the judgment"], and *Stagen v. Stewart-West Coast Title Co.* (1983) 149 Cal.App.3d 114, 123 ["A judgment favorable to the plaintiff relates to, and receives its priority from, the date the lis pendens is recorded, and is senior and prior to any interests in the property acquired after that date"].)[6]

Haq's interest in the Property was first obtained in October 1993, after the recordation of Khatib's valid 1992 lis pendens. Khatib's interest is therefore superior to Haq's and Haq is bound by Khatib's 1994 judgment in the underlying action.

## DISPOSITION

The judgment is affirmed. Defendant and Respondent Adnan Khatib shall recover his costs on appeal.

GRIMES, J.

We concur:

BIGELOW, P. J.

RUBIN, J.

---

[6] Despite Haq's argument to the contrary, the presumption applies to a duly recorded lis pendens. (5 Miller & Starr, Cal. Real Estate, *supra*, § 11:151, p. 11-475 [a "lis pendens is a 'conveyance' within the provisions of the recording laws"]; see also Civ. Code, § 1215 ["The term 'conveyance,' as used in sections twelve hundred and thirteen and twelve hundred and fourteen, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered, or by which the title to any real property may be affected, except wills"], and *Putnam Sand & Gravel Co. v. Albers* (1971) 14 Cal.App.3d 722, 725 ["a lis pendens is a 'conveyance within the meaning of Civil Code sections 1214 and 1215" thus "a purchaser or encumbrancer thereafter has constructive notice of it, and a subsequent judgment in the action is conclusive as against them"].)

10